The cause was submitted without argument, and being continued nisi, the opinion of the Court was delivered at the following March term, at Boston, by
Parsons, C. J.
By the statute of 1784, c. 66. <§. 1., every person convicted of larceny might be punished by a fine not exceeding one hundred pounds, or by whipping not exceeding thirty-nine stripes. And the third section provided that besides the said punishment, he should be sentenced to forfeit to the owner treble the value of the goods stolen, deducting the value of such of them as might be returned ; and if the offender should be unable to pay the same, he might be further sentenced to make satisfaction by service to the owner, who was empowered to dispose of him in service, for such time as the Court should assign. But it was enacted in the tenth section, that unless the owner shall sell him in service within thirty days, or give to the gaoler security to pay the charges of keeping the convict in prison, the gaoler may set him at .liberty, the prisoner paying him the prison charges.
When a statute creates a new right, without prescribing a remedy, the common law will furnish an adequate remedy to give effect - •. *399 the statute right. But when a statute has created a new right, and has also prescribed *a remedy for the enjoy- [ * 516 ] ment of the right, he who claims the right must pursue the statute remedy.
Wheaton, for the plaintiff.
Tillinghast, for the defendant.
In the case before us, the right claimed by the plaintiff to receive the treble damages is given by the statute, which also prescribes his remedy. Upon the sentence, the defendant was in execution. If able to pay, his body was a pledge to the plaintiff; if unable, the plaintiff might dispose of him in service for nine months. This disposition he was not obliged to make within thirty days, if he would secure the prison charges to the gaoler. On giving security, he might retain the body as a pledge until payment.
But he wholly neglected his remedy. The defendant not being able to pay, the plaintiff did not dispose of him, nor retain the body by giving security. The defendant was afterwards lawfully dis charged, and the plaintiff has now no remedy.
The treble damages were awarded as part of the defendant’s pun ishment; and the award was part of the sentence, on which he was in execution. For if several persons are jointly concerned in stealing the same goods, on conviction, the treble damages are awarded against each. The right of the owner is an incidental part of the sentence, which must be executed agreeably to the provisions of the statute, and not in any other way.
The plea in bar therefore appears to us to be good, and a suffi cient answer to the plaintiff’s declaration.
Had the defendant pleaded nul tiel record, the plaintiff must have failed of his record, for the sentence being entire, there is no such record as that on which the plaintiff has counted.

Defendant’s plea adjudged good.