CALDWELL *against* BELL & GRAHAM.

ERROR *to Pulaski Circuit Court.*

Where the record shows that the Judge who presided upon the trial, was specially commissioned for that purpose, and nowhere contained any statement or presumption by which his power or authority can be questioned, the superior Court is bound to presume that he had ample authority.

In debt on judgment, where the declaration alleges that judgment was rendered for so much debt, and nine dollars and thirty-two cents costs, and the judgment is merely for all costs, even if an execution in the transcript states the amount of costs as in the declaration, there is variance between the record and the declaration, on the plea of *nul tiel record.*

This was an action of debt, upon a judgment of Christian Circuit Court, in Kentucky, brought by Bell & Graham against Hon. Charles Caldwell, who was, at the time suit was brought, Judge of the Pulaski Circuit Court. The record showed that the cause was tried before the Hon. Samuel H. Hempstead, commissioned as Special Judge, on account of the regular Judge being a party to the suit. The cause was tried at September Term, 1840, before which time, Judge Caldwell had resigned, and the Hon. John J. Clendenin been appointed in his stead. This fact did not appear in the transcript.

The declaration stated a judgment of Christian Circuit Court, for $273 58 debt, and $9 32 costs. On *nul tiel record* pleaded, and issue, the transcript produced showed a judgment merely for "all costs expended, &c.;" and contained copies of four executions, one stating the costs at $9 32, the next at $10 02½, the next at $10 73, and the last at $11 43½; but the Court below gave judgment for the plaintiff on the issue.

ASHLEY and WATKINS, for the plaintiff:

The questions arising upon this record, are, 1st, Whether the proceedings to final judgment, before Samuel H. Hempstead, Special Judge, when the regular Judge of the Court below was not disqualified from sitting in the cause, are not *coram non judice*, and void, and this cause to be dismissed for want of jurisdiction, and the judgment liable to be perpetually superseded; and 2d, Whether the Court below did

not err, in admitting the supposed transcript of the record of the Christian Circuit Court of Kentucky, as evidence upon the issue joined to the plea of *nul tiel record*, when there is a variance between the declaration and the transcript offered in evidence; and the amount for which the judgment is taken, is not warranted or sustained by that transcript.

Admitting the appointment of Samuel H. Hempstead, as Special Judge in this case, to have been originally valid and proper, we submit, whether such appointment, and his authority to sit in this case, was not determined by the appointment or election of a Judge of said Court, who was not disqualified by law from adjudicating the case. The reason of the appointment of the Special Judge, was the disqualification of the then Judge of the Circuit Court, by reason of his being a party to the suit; but upon the commissioning of a regular Judge of said Court, who was not so disqualified, the reason of his appointment having ceased, it would seem that his appointment and authority should cease also; otherwise, the anomaly is presented of two Judges presiding, or entitled to preside, in the same Court, upon the same trial.

As to the second ground assigned for error, the Court will perceive, upon inspection of the transcript of the record of the Christian Circuit Court, upon which this suit is founded, brought up here by bill of exceptions, that it does not contain any judgment for costs, or fee bill, or specification for costs, in lieu of the same; and that in this respect there is a variance between the record and the declaration; and that the amount claimed in the declaration, and the amount of the debt for which the judgment is taken, are not sustained or warranted by such transcript; and if so, the Court below erred in admitting it as evidence in support of the issue of *nul tiel record.*

TRAPNALL and COCKE, *Contra,* submitted this cause without argument.

LACY, J., delivered the opinion of the court:

The points raised by the assignment of error, present, first, the question of the power and authority of the Judge who presided at the trial, to try and determine the cause; and, secondly, a variance be-

Caldwell *against* Bell & Graham.

tween the declaration and the record adduced in evidence. The record shows that the Judge who presided upon the trial, was specially commissioned for that purpose; and it nowhere contains any statement or presumption by which his power or authority can be questioned. This Court is therefore bound to presume that he acted in obedience to his authority.

The doctrine of presumption or intendment of law, in favor of the judgments and decrees of the Circuit Courts, has been so often stated by us, that it is deemed unnecessary to add any thing further in support of it. He who impeaches the opinion of the Court below, must make it appear in what the error consists. If he fail to do so, the intendment of law operates to affirm the proceedings.

This case was tried upon the issues of *nul tiel record* and *nil debut.* The declaration avers that the defendant below was indebted, on a judgment of a sister State, in the sum of two hundred and seventy-three dollars and fifty-eight cents, in debt, and the sum of nine dollars and thirty-two cents, as costs. The record offered in evidence corresponds with the sum laid in damages, but there is no given sum adjudged as costs.

There were three executions that issued upon the judgment. In the first, the amount of costs stated is ten dollars two and a half cents; in the second, ten dollars and seventy-three cents; and in the third, eleven dollars forty-three and a half cents. The inquiry now is, does the record offered in support of the declaration correspond with it, or is there such a variance as will be fatal upon an objection to it as evidence?

It is a general rule, that the contract must be stated correctly; and if the evidence differ from the statement, the whole foundation of the action fails, because the contract is entire in its nature, and must be proved as laid. *1st Chitty's Pl.,* 334.

In debt on judgment, care must be taken that there be no variance between the declaration laid and the judgment offered in evidence. Such variance is in general fatal. A party is bound by his own allegation to strict proof of a written document. Any variance that affects its sense, or changes its legal tenor and effect, will be fatal. 3 *Starkie Pl.,* 4; *P.* 15, 87; *Dyer and another vs. Stevens,* 6 *Mass. R.,* 387;

*Smith vs. Drew,* 5 *Mass. R.,* 514. In *Thompson vs. Jameson,* 1 *Cranch,* 383, it was held, in an action of debt on a decree in chancery, for £860 12*s.* 1*d.,* with interest from a certain day to the date of the decree, if the declaration be only for the principal without the interest, the variance is fatal. So it has been ruled in *Rositee vs. Downs,* 4 *Con. R.,* 291.

Each execution shows a different sum as costs, and neither corresponds with the averment made. The variance between the allegation and the proof offered in support of it, was therefore fatal; and the judgment of the Circuit Court must be reversed, with costs, and the cause remanded, with leave for the parties to amend their pleadings, if asked for.

After which, at the same term, TRAPNALL and COCKE filed the following petition for re-hearing:

The defendants in error, William Bell & Co., pray the Court for a re-hearing of this cause.

The judgment rendered by the Pulaski Circuit Court is reversed for the alledged variance between the declaration and the record produced in evidence, the admission of which was objected to by the defendant, in the Circuit Court, and a bill of exceptions taken to the judgment of the Court overruling the objection.

It is stated, in the opinion of this Court, that the cost, alledged in the declaration, is $9 32, and that there are only three executions contained in the record, and that the costs stated in neither of them accord with the declaration. The Court will see, by reference to, and a re-examination of, the record, that there were four executions issued, instead of three; and that, in the first, which was issued upon the judgment, the costs are stated to be $9 32, and is in exact correspondence with that allegation of the declaration.

For this, the defendants in error pray a re-hearing of the cause.

The re-hearing having been granted, and the case reconsidered,

RINGO, C. J., delivered the opinion of the Court:

In the opinion heretofore delivered in this case, the Court inadvertently overlooked the fact, that the transcript of the record pro-

duced and offered as testimony by the defendants in error on the trial of this case, to support, on their part, the issue joined on the plea of *nul tiel record*, contains four instead of three executions, issued upon the judgment therein mentioned; and, proceeding upon such mistaken view as to this fact, stated that three executions, only, appeared, by said transcript, to have been issued on the judgment therein mentioned, and that the costs, as stated, in no one of them, correspond, in amount, with the sum stated in the declaration, as having been adjudged to said defendants, and decided thereupon, that there was a variance, in this respect, between the allegations in the declaration descriptive of the judgment upon which the suit is founded, as to the costs, and the testimony adduced in support thereof, for which the Court ought to have sustained the objection of the plaintiff in error to its admission on the issue joined, and excluded it from the case, when, in fact, the first one of the four executions contained in said transcript, and issued on the judgment therein mentioned, contains an amount corresponding, exactly, with that stated in the declaration as having been adjudged to the defendants in error for their costs, which is stated, on the face of said execution, to have been adjudged to the defendants "for their costs in that behalf expended, whereof the said Caldwell and Botts are convict, as appears to us of record." Upon this fact being made known to the Court by the petition filed for a re-hearing, the same was granted; and the case having been again heard, and the opinion and judgment of this Court pronounced therein re-considered, we still *entertain* the opinion that there is a material variance between the allegation in the declaration, as to the judgment for costs, and the judgment contained in the transcript offered as testimony on the trial, on account of which the motion of the plaintiff in error to reject it ought to have been sustained, and the transcript rejected, notwithstanding the exact correspondence between the amount stated in the declaration and in the first execution as having been adjudged to the defendants for their costs, as before mentioned.

The defendants in error sue as surviving partners of John Hall, and in their declaration set forth and describe the judgment upon which they sue, as follows: "For that, whereas, on the 9th day of July, 1839, in the Circuit Court of Christian county, State of Kentucky,

in the said county of Christian, by the consideration and judgment of said Court, the said plaintiffs, and their deceased co-partner, as partners as aforesaid, recovered, against the said defendant and a certain John Botts, who is not sued herein, the sum of two hundred and seventy-three dollars and fifty-eight cents, which, in and by said Court were, then and there, adjudged to the said co-partners, doing business under the style of Wm. Bell & Co., as aforesaid, for their damages, which they had sustained by reason of the non-performance, by the said defendant and said Botts, of certain promises and undertakings then lately made by the said defendant and the said Botts to the plaintiffs and their deceased co-partner aforesaid, as also the sum of nine dollars and thirty-two cents for their costs by them about this suit in that behalf expended, whereof the said defendant and the said Botts, as by the record and proceedings thereof, remaining in said court more fully appears." The plea of nul tiel record imposes on the party pleading a record, the necessity of showing, on the trial, such record as he has set forth and described in his pleading; and if he fails to do so, the judgment, as to any right derivable from such record only, must be against the party pleading it; and it may be remarked, here, that allegations descriptive of a record must, according to the well established rules of pleading, be supported by testimony corresponding therewith in every part essential to show that the record adduced is the same record described in the pleading. The allegations above quoted from the declaration, according to the literal reading, or any legitimate construction thereof, are descriptive of the record of a judgment given and entered up specifically for the sum of $9 32 *in numero*, while the record offered as testimony to support said allegations, as to the costs of suit, contains no such adjudication; but, on the contrary, shows a judgment in favor of the defendants in error, and John Hall, their deceased partner, against the plaintiff in error and John Botts, that the former recover of the latter "their costs by them about the suit in this behalf expended," leaving the amount of costs to be subsequently taxed, or otherwise ascertained and determined in some manner authorized by law; and, in this respect, the judgment contained in the transcript adduced in testimony on the trial, not only varies from the allegations descriptive of the judgment mentioned in

the declaration, but differs also from the judgment for costs as recorded in the Courts of England and some of the United States, where the common law practice of taxing the costs before the final judgment is signed or recorded, and, when the amount is ascertained and determined, of inserting it *in numero* in the judgment itself prevails, in which case the form of allegation adopted in this case, as descriptive of the judgment for costs, would be proper, and describe the judgment truly. But such allegations surely do not, either appropriately or truly, describe such a judgment for costs as the one contained in the transcript before us, which neither determines the amount of costs recovered, nor indicates in what manner the amount may be ascertained or determined; consequently, the amount of costs recovered by such adjudication cannot be proved by the judgment itself; but must be established by something extrinsic. And therefore, when no specific sum is adjudged to the party for his costs, he should not, in declaring upon such judgment, describe it as a judgment for costs *in numero*, but should describe it truly, and then, by appropriate averments, show the amount of costs to which he is entitled, upon and by virtue of the judgment. And the case is not changed, notwithstanding a specific sum is mentioned in each execution issued upon such judgment as having been adjudged for costs, because the execution is no part of the judgment upon which the action is founded, and which alone confers the legal right asserted in the declaration. Besides which, the sum stated in each execution as having been adjudged for costs, varies in amount; and therefore, if the judgment warrants such final process, and the costs so stated therein can be legally recovered by virtue of such judgment, these facts, alone, would prove that the adjudication is not for any specific sum; and an allegation so describing it, neither accords with the letter, or the legal operation and effect of the judgment, which is, both according to the literal reading, and legal operation and effect thereof, indeterminate as to the sum or amount of the costs to which the party is entitled.

We are, therefore, of the opinion, that there is a material variance between the judgment contained in the transcript of the record adduced in testimony on the trial of the case, and the judgment described in the declaration; and that the Circuit Court erred in overruling the

Caldwell *against* Bell & Graham.

objections thereto of the plaintiff in in error, and admitting said transcript as evidence upon the issue joined, and deciding thereupon that there was such record as was set forth and described in the declaration; and for this error, the final judgment of the Circuit Court given in this case ought to be, and the same is hereby, reversed, annulled, and set aside, with costs; and the case remanded to the Court from whence it came, for further proceedings to be there had therein, according to law, and not inconsistent with this opinion, with instructions to said Circuit Court to suffer the parties to amend their pleadings, if they shall ask leave to do so.