### HANLY vs. CAMPBELL.

In a suit against *Thomas B. Hanley*, a bond for costs, executed to *Thomas B. Han*, is insufficient; and if the bond states that the plaintiff is a non-resident, the suit should be dismissed, on motion.

THIS was an action of assumpsit, determined in the Phillips Circuit Court, in May, 1842, before the Hon. JOHN C. P. TOLLESON, one of the circuit judges. Campbell sued Thomas B. Hanly, and a bond for costs was filed by John Preston, Jr., stating Campbell to be a non-resident. The bond was made to Thomas B. Han, but the condition stated that Campbell was about to institute a suit against "the said Thomas B. Hanly." Motion to dismiss, for want of a bond for costs, overruled, and judgment for the plaintiff. Hanly appealed.

*W. & E. Cummins*, for the appellant. The fact of non-residence was not denied in any way; on the contrary, it was expressly admitted by the plaintiff, in the bond filed. This was at least prima facie evidence of the fact. The bond is not given to the defendant, nor, so far as appears, to any person connected with the suit, or who, by possibility, could have any interest in the bond. A bond given to a stranger, could not accomplish the objects of the law, because the party actually interested could not control the bond, or recover thereon, in case he should become entitled to costs. For this reason, the bond was clearly defective, and as no dispute arose as to the facts, the suit should have been dismissed. Previous decisions of this court settle the question involved in this case.

*By the Court*, DICKINSON, J. No argument, we presume, is necessary to show that there must not only be an obligor and an obligee, but that the obligee ought to be the defendant in the suit. The bond is, in this case, made payable to Thomas B. Han, who is no party to the proceedings. We are clearly of opinion, that the circuit court erred in overruling the motion of the defendant, to set aside the bond for costs, and dismiss the case.

Judgment reversed.