Oldham, J., delivered the opinion of the court. This cause was determined by the Hon. Sam’l H. Hempstead as special judge, commissioned hy the Governor for the trial of causes, which the Hon. Charles Caldwell, the regular judge was disqualified and incompetent, under the constitution, to determine. At the term at which this cause was determined, the plaintiff in error appeared and objected to the special judge taking further cognizance of the cause, upon the grounds that, since his appointment, Judge Caldwell had resigned his office, and, that the Hon. John J. Cien-denin had been elected and commissioned to fill the vacancy, -and that no disability or disqualification rested upon him, to prevent him from trying the cause. The objections were overruled, and the defendant below presented his bill of exceptions, setting forth •all the facts, as well as true copies of the commissions of the special judge, and Judge Clendenin, which was certified and made part of the record. The questions thus presented are not without difficulty, and there are no authorities, bearing directly upon them, to aid us in their solution. When the record shows that the- judge wfio presided upon the trial of the cause, was specially commissioned for that purpose» and it no where contains any statement, or presumption, by which his power may be questioned, the court is bound to presume that lié acted in obedience to his authority. Caldwell vs. Bell & Graham, 3 Ark. Rep. 419. Does the record in this case contain any statement, or presumption, by which the power or authority of the special judge to try this cause can be questioned ? The question is not one of jurisdiction which may be presented by plea; for the subject matter and the parties are within the jurisdiction of the circuit court, but it is one of right, authority and power under the constitution, on the part of the person, assuming to act as special judge to hear and determine the matters in controversy, notwithstanding the objections of the party. The right and authority of the person to exercise the powers and duties of special j udge, may be determined upon a writ of quo war-ranto issued out of this court for that purpose ; but that writ will issue only at the instance, and upon the motion of the Attorney General, in the name of the State, in cases where the whole community are interested,-and will not be granted at the instance, or upon the motion, of a private individual for the determination of a private right. The writ is intended to subserve the interests, and guard the rights of the whole community, by ousting him who illegally claims, exercises or usurps the powers and duties of any office, franchise or liberty, or for revoking a charter for non-user or misuser on the part oí the corporators of the franchise and privileges granted by the charter. The State vs. Ashley, 1 Ark. Rep. 279. Had the special judge been ousted upon a writ of quo warranto, issued against him, after the determination of the case, the judgment of ouster would not have affected the judgment rendered by him, according to the principles held in the case of Caldwell vs. Bell & Graham, before cited, unless the record questioned the power and ¿authority of the special judge to act, and also that the party objected and caused the objection and the grounds thereof to be made .upon the record.. As in the case of Rives vs. Pettit et al, 4 Ark. Rep. 562, the judgment would not, without such objection being made and brought upon the record, have been a mere nullity. The special judge did not assume to act without authority, but under and by virtue .of a commission, emanating from .the Governor, in .the exercise of .constitutional power and duty. It is not objected that the commission irregularly issued, but that the power conferred by virtue of it has terminated. Under such circumstances, without .objection being made upon the record by the party, the legal presumption would be that the special judge had full power .and authority to act in the premises, and his judgment wo.uld be conclusive upon the parties. “His acts, for the time being, must be binding, because he was inducted into office under the appearance of right, and by authority of law, and an executive commission.” id. The court, in the cqse already cited, said “if any hardship or injustice were about to be perpetrated, it was not only competent, but perfectly lawful upon such suggestion, for the party to have proceeded in a proper manner to have caused his (the judge’s) legislative authority to be set aside.” What mode or manner of proceeding did the court have in view? It was not upon quo warranto, for that would have been ineffectual for the accomplishment of the object intended, as has already been shown. . It was not by plea to the jurisdiction of the officer, for it is not a question of jurisdiction, but of official power and authority, and were it the subject matter for such a plea, if pleaded, would make the officer the judge of the validity of his own commission, which he must necessarily have determined before he assumed to act, so far as it concerned himself. The court then had some other mode of proceeding in view for ¡the protection of the private rights of parties, by bringing such questions to this court for the correction of error, and the administration of justice. Some such mode as that adopted by the plaintiff in error, we conceive, would be regular and proper for this, purpose. He objected to the right of the individual to determine; his case, and caused him to place his -authority upon the record. It is objected that the facts contained in the bill of exceptions are not proper for, and do not come within the province of a bill of exceptions. This is true, nor was the object intended to be effected by .it such as usually designed by a bill of exceptions. It was not intended to bring matters dehors, relating to the cause in any stage of its proceedings, upon the record, but it is the mode adopted by the judge to place his authority upon the record, for the inspection; of'this, court, and to enable it to determine thereby his right to exercise the powers of special judge in this case as claimed by him.. We regard the mode thus adopted to place the facts upon the record as proper, and from the facts thus made manifest to this court, we will proceed to determine the question, whether Sam’l H. Hemp-stead, Esq. was authorized as special judge, únder the commission granted him by the Governor, to try and determine this cause between the parties. The 13th section of the 6th article of the constitution provides for the.appointment of special judges, for the trial of such causes as the regular judges are disqualified from'trying, by reason of any of the disabilities therein enumerated. That provision is designed to prevent a failure or delay of justice, for want of officers, competent and qualified, to sit for the trial and determination of such causes, without partiality or prejudice. It was intended to prevent a man being the judge in his own case, and that of his relations, and to avoid the preconceived opinions and prejudices of counsel, or the preconceived opinions of judges, who may have presided on the trial in an inferior tribunal. Such being the reasons for inserting that provision in the constitution, did the convention intend ,that the commissions., issued by virtue of it, should continue in force .until .the filial determination of Jhe causes, although the reasons for making special appointments had long ceased! Was it intended that a special judge should finally dispose of the causes which he might be appointed to try, although the regular judge, who was incompetent to sit in the cases, should go out of office, and a successor be appointed, and who should in every respect be qualified to try the causes, which the special judge might be appointed to try? The obvious reasons for making the provision for such special appointment, induce us to answer in the negative. The frame of our judicial system, the parceling out among the different courts, the various subjects of jurisdiction, the provision for electing and commissioning judges for a specific and limited term, or period, and the provision for the appointment of special judges, only in cases where the regular judges should be disqualified for trial thereof under the constitution, clearly prove that all matters in controversy were intended to be determined by the regular judges when no disability or disqualification rested upon them; and that, therefore, the conclusion legitimately follows, that where the disability upon the part of the regular judge should be removed by a change of the incumbent upon the bench, or- otherwise, the reasons for the special appointment having ceased, it was intended that the appointment itself should cease. The special judge is only appointed to perform duties, which the regular judge is the proper officer to perform, but who, for good and sufficient reasons, is deemed by the constitution an improper person to perform them. We are therefore clearly of opinion that the commission of the special judge expires with the reasons which caused it to be issued, whether by the resignation, expiration of the term of service of the judge in whose place he was appointed to act, or otherwise. The commission of the special judge is but the incident to that of the regular officer and must follow and expire with its principal, and therefore when judge Caldwell went out of office, the commission of the special judge ceased to exist, as a valid commission, and he became functus officio. The successor of judge Caldwell became the proper officer, under the constitution, for the trial of those causes, which, in consequence of the disability of his predecessor, had been referred to the special judge. It never was intended that there should be -two judges in every respect competent and qualified, under the constitution, to preside in the same court,, for the trial and determination of the same cause, at the same time. Judge Clendenin having been elected, and commissioned as the successor of judge Caldwell, he was the proper officer for the trial of all the causes existing in his circuit, St the time of his election, and if any disability rested upon him, in reference to any cause, it was his duty, as it was that of his predecessor, to cause the same to be certified to the Governor, upon whom the constitution has imposed the duty of making special appointments, for the trial of such causes. Such being the opinion of the court relative to the extent and duration of the power and authority of the special judge, the further opinion follows, as a necessary conclusion, that the acts of the special judge, in trying this cause, were without constitutional authority, and are therefore null and void. For which reason the writ of error in this case is dismissed for want of jurisdiction, there being no valid final judgment: and the cause is remanded to the circuit court of Pulaski county, to be proceeded in to final judgment, according to law.