†NEW YORK, CHICAGO & ST. LOUIS RD. CO. v. LAMBRIGHT.

1. REMEDY FOR FAILURE IS NOT EXCLUSIVE.

If the statutes impose a duty for the benefit of individuals, but gives no penalty to the party aggrieved, or gives a penalty only to the state or an informer, the aggrieved person has an action on common law principles; hence an employe of a railroad company can maintain an action for damages for an injury caused by a failure on the part of the company to comply with the provisions of sec. 1 of said act.

2. ACTION FOR DAMAGES MAY BE MAINTAINED BY INJURED PARTY·

The remedy by fine, provided in sec. 2 of an act for the protection of railroad employes,. by requiring the blocking or filling of guard rails, passed March 28, 1888 (85 O. L. 105), is not exclusive.

3. A FELLOW-SERVANT CHARGED WITH THE DUTY REPRESENTS THE MASTER.

The servant of the company charged with the duty of filling or blocking the guard rail, as required by sec. 1 of said act, is not, as to the other employes of the railroad company, a fellow-servant engaged in a common employment, but represents the master, as the law requires the master to do it.

Error to the Court of Common Pleas of Seneca county.

Levi Lambright was employed by the railroad company as a switchman and brakeman on May 28, 1889. In his petition he says the railroad company, regardless of its and unlawfully failed to adjust, fill, or block the same, so as to protect its employes from having their feet caught therein. While he was in the discharge of his duty, without any knowledge on his part as to the condition of said guard rail, and without any fault on his part, his foot was caught in said guard rail, and he was thrown down, run over by a moving train, and injured.

The railroad company denies the allegations of the petition, and says Lambright by his own negligence contributed to the injury.

Lambright recovered a verdict, which the court of common pleas refused to set aside. The court gave judgment upon the verdict. The railroad company now prosecutes this proceeding to reverse the judgment.

BEER, J.

The plaintiff below appears to have framed his petition with the intention of stating a cause of action under sec. 1 of an act entitled "An act for the protection of railroad employes," passed March 23, 1888; 85 O. L. 105.

Section 1 of that act requires the blocking or filling of guard rails by railroad companies, so as to prevent the feet of their employes from being caught therein  Section 2 provides for punishment by fine upon failure to comply with the requirements of section 1.

It is contended by the railroad company that the remedy by fine is exclusive. We think this is not tenable.

When a statute imposes a duty for the benefit of the public, or for the benefit of individuals, an individual injured may maintain an action for a breach of the duty.  Cooley on Torts, 654, 657, 658; Sedgwick on Stat. and Con. Law, 77; 5 Mass., 514, 3 E. & B. Q. B., 402, 2 Wm. Bl., 906.

The railroad company employed a competent servant to attend to filling and blocking the frogs and guard rails in its track.  It contends that the neglect to fill or block the guard rail was the neglect of this servant, and that he was the fellow servant of Lambright engaged in a common employment with him, and that, hence, he cannot recover.

A corporation acts through agents and servants.  In some cases the acts of a servant are, as to his fellow servants, the acts of the master.  When a servant is discharging duties that the master owes to his servants, his acts are, in law,

†The judgment in this case was affirmed by the supreme court, without report, May 23, 1893.

the acts of the master.    81 N. Y., 516; 87 Am. Rep., 521; 84 N. Y., 77; Wood's Master and Servant, 885.

The law requires the railroad company to fill or block the guard rails on its tracks. That duty can only be performed by a servant, and if he performs it negligently, his negligence is the negligence of the railroad company. If not, against whom is a fine to be assessed for the failure to perform, or the negligent performance of the duty? The statute says "every corporation shall fill or block." and "any railroad corporation failing to comply with the provisions of this act shall be punished by a fine." The duty is imposed upon the company, and the company is to be punished for a failure to perform the duty. While the company may, and must employ a servant to perform the duty, it must see that it is properly performed. The delict of the servant is the delict of the master. 81 Va., 71; 105 N. Y., 159; 111 Ind., 51, 212; 1 West. Rep., 288.

The judgment was reversed on other grounds.

Williamson, McCauley & Weller, for plaintiff in error.

Geo. E. Seney, for defendant in error.