WELLS, plaintiff in error, *vs.* SCOTT, defendant in error.

Justices of the Peace have no jurisdiction in actions founded on tort, where the damages exceed $100.

Where, however, the defendant, in an action of tort, omitted to move the question of jurisdiction before the Justice, and also before the Circuit Court, to which the cause was appealed, he cannot make the objection in this Court.

Error to Washtenaw Circuit Court.

*J. M. Walker*, for plaintiff in error.

*O. Hawkins*, for defendant in error.

By the Court, COPELAND, J.

This was an action of trover, originally brought before a Justice of the Peace, for the unlawful conversion of a certain draft payable to the defendant in error, and upon which there was claimed to be due in the declaration the sum of $115, and interest. Plea, general issue. Judgment for the plaintiff for $115, damages and costs. From the judgment thus rendered by the Justice, an appeal was taken to the Circuit Court for the County of Washtenaw, where the cause was again tried before the Circuit Judge without a jury, and where the judgment was also for the plaintiff.

The cause comes to this Court upon writ of error and bill of exceptions. The bill of exceptions was subsequently dismissed by stipulation of the parties, so that the case is now before us upon the record alone. It is claimed by the plaintiff in error, and this is all that is involved in the assigned causes of error that are applicable to the record, that the Justice of the Peace had no jurisdiction of the cause, and the proceedings before him were *coram non judice*, and void,

and that an appeal to the Circuit Court could give that Court no jurisdiction or authority to hear and decide the case. The Constitution provides that, "in civil cases, Justices of the Peace shall have exclusive jurisdiction to the amount of one hundred dollars, and concurrent jurisdiction to the amount of three hundred dollars, which may be increased to five hundred dollars, with such exceptions and restrictions as may be provided by law." (*Const.*, *Art.* 6, § 18.)

By a subsequent statute, passed in reference to this provision in our new Constitution, it is provided, that, "Justices of the Peace shall have original and exclusive jurisdiction of all civil actions wherein the debt or damages do not exceed one hundred dollars, and concurrent jurisdiction in all civil actions founded upon contract, express or implied, wherein the debt or damages do not exceed three hundred dollars, except," etc. (*Session Laws*, 1851, *p.* 204.) From this provision of the statute, it is implied, that in actions founded on *tort*, Justices of the Peace have no jurisdiction where the demand exceeds one hundred dollars. It therefore follows, that the Justice before whom this cause was commenced, was without jurisdiction, and unless it shall be found that the plaintiff in error, by some subsequent proceedings, may be regarded as having waived his legal rights, he must still prevail. If the cause had been removed to the Circuit Court by writ of *certiorari*, alleging the want of jurisdiction of the Justice as error, the judgment must have been reversed ; or, if that question had been raised at the Circuit Court under the appeal, it would have been the duty of the Circuit Court to have dismissed the proceedings, for the appeal, as such, did not give the Circuit Court jurisdiction. (*Nickol* vs. *Patterson*, 4 *Ohio; Stevens* vs. *Baswell*, 2 *J. J. Marsh.*, 29; *Swift* vs. *Woods*, 5 *Blackf.*, 97.) Instead of pursuing this course, however, it does not appear that the party raised the question at all, either before the Justice, or in the Circuit Court, but that he seeks to avail himself of it here for the

first time, and, we think, too late to be made available.   We are aware that some of the Courts in parallel cases have gone the length of saying that, notwithstanding the voluntary appearance of the party in the appellate Court, and there going to trial upon the merits, without objection, and without raising the question of jurisdiction, that he may still avail himself of that question upon writ of error in the Superior Court.   But we think that a party who would take the benefit of such objection, should be required to do so in some form at an earlier stage of the proceedings.   The Circuit Court has original jurisdiction of the subject matter of the suit, and it acquired jurisdiction of the parties by their voluntary appearance.   And the party, by going to trial there upon the merits, without raising any objections to prior proceedings, must be regarded as having waived any errors he might otherwise have taken advantage of.

  A party will not be permitted to trifle with the time of the appellate Court, by going to trial upon the merits, with the reserved purpose, in the event of his not succeeding, of taking advantage, by writ of error, of some technical objection to the proceedings in the Justice Court.

In the adoption of this rule, we are not altogether without precedent.   (*Story* vs. *Dunham*, 23 *Maine*, 483; *Brooks* vs. *Collins*, 1 *Doug.*, 236; *Mayeo* vs. *Allen*, 15 *Iredell*, 156.)

Judgment below affirmed.

Present, and concurring, all the Judges, except JOHNSON, J., who having decided the cause below, did not participate.