## Loyal Tower v. Calvin Lamb.

Where plaintiff, in his declaration in justice's court, claims damages beyond the jurisdiction of the court, but the defendant pleads to the merits, and, after trial and judgment against him, appeals to the county court, where the cause is again tried on the merits, he can not afterwards take advantage of the excessive claim on writ of error in this court.

Where process in trespass was taken from a justice against three, but discontinuance entered as to one, and declaration against the others claimed damages beyond the jurisdiction of the court, but defendants joined issue upon it, and judgment was rendered by the justice against both, and one defendant appealed to the county court, where the others both appeared, and trial was had, and judgment again rendered on the merits against the two who were convicted before the justice,—*Held,* That on error to this court, by the defendant who appealed, he could not object either to the judgment of the justice, or to the joining of the other defendants in the proceedings of the county court.

*Heard May 18th.    Decided May 21st.*

Error to Washtenaw Circuit.

The case is sufficiently stated in the opinion.

*O. Hawkins,* for plaintiff in error.

[There was no appearance for defendant in error.]

MARTIN Ch. J.:

Lamb, the plaintiff below, brought his action in a justice's court against Tower and two other defendants, Burch and Cooper. The declaration was in trespass, and the damages claimed $500. A discontinuance was entered as to Cooper, and, after trial, judgment was rendered against Tower and Burch for $100 and costs. From this judgment Tower appealed to the county court, and there Tower, Burch (and, by some error, Cooper) all entered their appearance by attorney. Upon trial in the county court, judgment was rendered against Tower and Burch for $200. The cause is brought to this Court upon writ of error, by Tower alone. The errors assigned are,—1st, The insufficiency of the declaration; 2d, That the claim of $500 damages ousted the justice of jurisdiction; 3d, That the county court had no jurisdiction of Tower and Burch, as the appeal was by Tower alone; and, 4th, That there was no judgment rendered by the justice from which Tower could appeal, and the proceedings in the county court were, for these reasons, void.

The first error assigned is, very properly, not urged by the plaintiff in error. The second is within the rule of *Wells v. Scott*, 4 *Mich.* 347, where it was held that this objection comes too late after appeal, when the objection is not raised in the appellate court. The third error assigned is based upon the fact that Tower alone appealed. But the appearance of Burch obviated any objection which can be made in this court, by either Tower or Burch, to the jurisdiction of the county court. It is, moreover, one which Tower, as appellant, can not take, as he suffers no injury by a joint judgment, and had most certainly submitted himself to the jurisdiction of that court; and Burch is not a party assigning errors. But the record showing that Burch did appear, no objection to the jurisdiction or judgment of the court can prevail.

The fourth error assigned is that no proper judgment

was rendered by the justice, from which Tower could appeal. But he did appeal, and without objection to the form of that judgment; and that fact, and the further one of a judgment in the county court, makes this objection come. too late.

After appeal and trial, no error can be assigned upon the form of the justice's judgment.

The judgment of the court below is affirmed, with costs.

The other Justices concurred.