## James Evers and others v. Lydia Ann Sager.

*Appeal from justice's courts: Amendments: Pleadings: Ad damnum: Jurisdiction.* The statute (*Comp. L.*, § *5458*,) allowing amendments to the pleadings, or the filing of new pleadings in the circuit upon an appeal from the justice's court, does not warrant the introduction of a new cause of action, or such a variation in the plaintiff's claim as would have ousted the justice of jurisdiction, if made in the court below, as by increasing the *ad damnum* beyond the limit of his jurisdiction.

*Estoppel: Stipulation: Objection: Waiver.* But a party who has stipulated for such amendments "as either party may desire," and made no objection to the declaration as amended, but pleaded to the merits, and after verdict against him, for the first time objects, in order to limit the recovery of costs, that it was not an amendment in the appeal case, but the institution of a new suit, is estopped from raising the point.

Evers v. Sager.

*Appeal bond : Sureties : Principal : Amendments.* The ·sureties on the appeal bond of the party thus waiving his right to raise this objection, would not be bound by his action, and the point is well taken on their behalf; and the amendment in question operates to discharge them from all liability; for, while their obligation must be understood as contemplating such amendments as the court has power to make irrespective of the stipulations of the parties, it cannot be understood as making them responsible for such acts of their principal as are not contemplated by the statute, and as could only bind him personally on the principle of estoppel.

*Statute construed : Costs.* The statute (*Comp. L.*, § 7383), providing that in certain actions the plaintiff shall recover no more costs than damages, does not apply to a case tried on appeal; but the costs in such a case are governed by another statute (*Comp. L.*, § 5459), authorizing the court to award them to either party, as it may deem just and right in view of the particular circumstances of each case.

*Remedy : Error : Certiorari : Appeal bond : Principal : Sureties.* Error, and not *certiorari*, is the proper remedy to review a joint judgment against a principal and his sureties upon a bond on an appeal of the cause from a justice's court.

*Heard July 15.   Decided October 8.*

Error to Kalamazoo Circuit.

*Severens, Potter & Boudeman,* for plaintiffs in error.

*Edwards & Sherwood,* for defendant in error.

COOLEY, J.

In an action of trespass for assault and battery, brought in justice's court, and resulting in a verdict for the plaintiff of five dollars, the defendant appealed to. the circuit court, where, by consent, the parties amended their pleadings.   In amending the declaration, the plaintiff increased the *ad damnum* to a sum beyond the· jurisdiction of a justice; but no objection was made to this, and a trial was had by jury upon an issue of fact, and a verdict rendered for the plaintiff of ten dollars.   Thereupon the court rendered judgment for the plaintiff for the damages found, and also for full costs, against not only the defendant, but also against his sureties on the appeal.

On error, several objections are made to this judgment. *First,* it is insisted that after an amendment had been made to the declaration, increasing the sum demanded to

one beyond the jurisdiction of a justice, the suit in effect became a new suit in the circuit court, and must proceed as such thereafter, and could no longer be regarded as an appealed case.   The consequence would be a discharge of the sureties on the appeal, and possibly a different result as to the award of costs.   The defendant in error disputes this position, relying upon certain cases in other states which are supposed to justify an increase in the sum claimed after an appeal has been taken, without in any manner affecting the identity of the case in the circuit with that in which appeal was taken.

The first case referred to is *Palmer v. Wylie, 19 Johns., 276,* where under a statute which provided that the court of common pleas, after it had possessed itself of a cause by appeal from a justice, should " proceed and give judgment as the very right of the case shall appear, without regard to the previous trial had thereon," the supreme court of New York held that the common pleas might render a judgment exceeding the justice's jurisdiction.   The case is not reasoned, the court simply remarking that the statute "dispenses with all matter of form, and every thing inconsistent with the mere justice of the case between the parties."   This case was followed in *Jackson v. Covert, 5 Wend., 139,* in an opinion equally concise, the court contenting itself with saying that "the plaintiff below, it is true, would not have recovered more than fifty dollars had the defendant submitted to the justice's judgment; but when he appealed to the common pleas, that court was not limited in jurisdiction, and the plaintiffs were entitled to recover all the damages they could prove, if they were entitled to recover any thing."

We do not find these cases applicable to our statute. We have no corresponding provision to that referred to in the case in Johnson, and which the court understood to authorize the common pleas to proceed in the case precisely as though it were a new one in that court.   The case of *Dressler v. Davis, 12 Wis., 58,* arises under a statute

more like that of New York than like our own.    In that
case, after an appeal from a justice, the plaintiff so
amended his declaration as to claim damages beyond the
justice's jurisdiction, and recovered verdict for the sum
claimed.    The statute provided that the action should be
tried in the appellate court as cases originally brought
there; and the court was of opinion that the New
York cases were in point, and that the statute would per-
mit any amendment and any recovery which might have
been made or had in a case commenced in the appellate
court.    This case, therefore, like the cases in New York,
rests upon a peculiar provision of statute not adopted here.
Our statute throughout treats the case in the appellate court as
the same case which was tried before the justice, only brought
up (where the appeal is general) for a new trial.    Amend-
ments to the pleadings, or the filing of new pleadings in
the cause, are allowed " as right and justice between the par-
ties may require " (*Comp. L.*, § *5458*), but this has never been
understood in this state as warranting the introduction of a
new cause of action, or such a variation in the plaintiff's
claim as would have ousted the justice of jurisdiction if
made in the court below.    And we are referred to no other
cases more nearly in point than those above mentioned.

The plaintiff in error, James Evers, was sole defendant
in the court below, and he stipulated with the plaintiff that
" either party may amend the pleadings therein as they may
desire," and he made no objection to the amended declara-
tion which claimed the increased damages, but pleaded to
the merits, and after verdict against him, for the first time,
in order to limit the recovery of costs, insisted that the
case ceased to be a case on appeal when the amendment
was made.    These facts render the present case peculiar and
exceptional, and we are of opinion that when the defendant
pleaded to the amended declaration, which on its face pur-
ported to be amended in pursuance of his stipulation, as it
was in fact, he precluded himself from insisting afterwards
that it was not an amendment in the appeal case, but the

institution of a new suit. In this case, at least, where the recovery in the circuit court was not beyond the jurisdiction of the justice, and where there is no reason to suppose the parties intended any new suit, we think justice requires us to overrule the objection if the rules of law will admit of our doing so. And we think the previous rulings of this court will justify this course.

In *Wells v. Scott, 4 Mich., 347*, a plaintiff claimed in justice's court a sum beyond its jurisdiction. The defendant took no objection on that ground, and the plaintiff recovered judgment. The defendant appealed to the circuit court, where a second trial on the merits was had, and the plaintiff again had judgment. On error to this court the objection for the first time was taken, that the justice had no jurisdiction of the case. The court held that the objection came too late, and that the party, by going to trial in the circuit court upon the merits, without raising any objection to prior proceedings, must be regarded as having waived any errors he might otherwise have taken advantage of. This case was approved and followed in *Tower v. Lamb, 6 Mich., 362.* In both cases there was a recovery beyond the jurisdiction of the justice, and the proceedings before the justice were void for want of jurisdiction. The defendants in each case treated them as valid, and appealed them to a higher court where the jurisdiction was ample, and where, consequently, it was competent to waive the defect which existed below. In this case there was no defect below, and if it is competent for a defendant on appeal to waive such a defect by a mere failure to bring it to the notice of the court, still more clearly must it be competent for him by his express assent to waive that which only becomes a defect at all by relation back to the case as it stood before appeal taken. He has consented in an appellate court, to have the case put in this shape, and as the jurisdiction of that court is unlimited, his objection that the case is no longer the same is purely technical, and should not be allowed under the circumstances.

But the defendant, by his consent to the amendment, could not bind the sureties on the appeal. They undertook by their recognizance to abide the result of the case which was appealed, and any radical change in the case, made without their consent, would discharge them. If the court had possessed the power to order or allow such an amendment irrespective of the stipulations of the parties, the sureties would have been bound by its action, because their obligation must be understood as contemplating a possible exercise of such power; but it could not be understood as making them responsible for such acts of their principal as are not contemplated by the statute, and such as could only bind him personally on the principle of estoppel. The undertaking of the sureties is *strictissimi juris,* and is not to be enlarged by a proceeding of this nature, probably had without their knowledge, and which would operate as a fraud upon them if it could bind them. The judgment as to them must be reversed, with costs of this court.

The remaining question relates to the costs which were awarded below. The statute (*Comp. L.,* § *7388*) provides that in certain actions, among which is that for assault and battery, the plaintiff shall recover no more costs than damages. The court awarded full costs, amounting to $238 16ᶜ though the recovery of damages was ten dollars only. We are of opinion that the section of the statute referred to has no application to a case tried on appeal. The statute relating to appeals provides that "In all cases heard and determined on appeal, the costs, or such part thereof as to the court shall seem just, may be awarded to either party, as the court may deem just and right between the parties, in view of the particular circumstances of each case."— *Comp. L.,* § *5459.* We think this means all the costs, and not merely such portion thereof as does not exceed the damages found. The policy of the law is to give the circuit courts a large discretion as to costs in cases of appeals, and one purpose had in view is the discouragement of vexatious appeals. That purpose would be defeated, if in cases

like the present, the defendant could remove the case from the justice's court with a reasonable assurance that the litigation would be largely at the expense of the party he had wronged, and who, in seeking a remedy, had shown no disposition to make it oppressive, but had sought the court of least jurisdiction and least expense, and been content with the small award made him there. It was not the plaintiff, but the defendant, whose litigation appears to have been found vexatious in this case, for the verdict was increased in the circuit court, and the jury by increasing it in effect expressed their own opinion that the appeal was without good reason. To deny the plaintiff costs in such a case, would be to visit him with a penalty which the reason of the law could not possibly apply to his case. We think the judgment as against the principal defendant below should be affirmed, with costs. It will be ordered accordingly.

There is nothing in the objection of the defendant in error, that the judgment as to the sureties should have been removed to this court by *certiorari*, instead of by writ of error. A joint judgment was taken against them and their principal, and the mode adopted to review it was the only one applicable to the case.

The other Justices concurred.