JAMES E. VREELAND v. JOHN LOECKNER AND THEODORE MEGGES.

*Principal and surety—Appeal—Judgment—Practice in Supreme Court—Pleading—Amendment.*

1. A judgment against a surety in a bond given on an appeal from justice's court cannot exceed the penalty of the bond.

2. Where the only legal objection to a judgment rendered against the appellant and his surety on an appeal from justice's court is that it exceeds the penalty of the appeal-bond, the judgment will be modified, as to the surety, by rejecting such excess, and, as modified, affirmed.

3. An objection that a proposed amendment at the circuit of the declaration in an appeal suit from justice's court introduces

a new cause of action is untenable where the original declaration is broad enough to cover the amendment.

Error to Wayne. (Hosmer, J.) Submitted on briefs January 4, 1894. Decided February 12, 1894.

*Assumpsit.* Defendant Megges brings error. Judgment modified and affirmed. The facts are stated in the opinion.

*George W. Coomer,* for appellant.

*James H. Pound,* for plaintiff.

GRANT, J. This suit originated in justice's court, where plaintiff had judgment. Loeckner, the defendant, appealed to the circuit court, Megges signing the appeal-bond. In the circuit court judgment again passed for plaintiff, and against Megges as surety. Megges appeals, claiming that as to him the judgment is void.

The justice's return shows that—

"Plaintiff declares orally against the defendant on all common counts in *assumpsit,* and especially for money had and received for fees for official duty or services, and refusing and neglecting, when requested, to make and deliver to plaintiff a particular account of such fees, and for what they respectively accrued, and receipt for the same, in accordance with the provisions of the statute of Michigan in such cases made and provided."

Defendant demanded a bill of particulars, which was furnished, and is as follows:

"Money demanded and received by the defendant, as a justice of the peace, for costs in the transfer of a cause pending before him, as a justice of the peace, on filing affidavit pursuant to statute of State of Michigan, in suit of *Henrietta Kevwalski v. James E. Vreeland,* plaintiff in this suit."

The defendant pleaded the general issue, and gave notice that the costs sued for were not overtaxed. The justice found the actual damages to be $9.35, and he entered

judgment for treble that amount under the statute. The penalty of the appeal-bond was $56.10. The judgment in the circuit court was for $30.75 damages, and costs, which were taxed at the sum of $63.85. In the circuit court plaintiff was permitted to file two amended declarations, the first counting on sections 9035 and 9037, and the second counting .upon these sections and also section 9044. These sections are as follows:

"SEC. 9035. No judge, justice, sheriff, or other officer whatsoever, or other person to whom any fees or compensation shall be allowed by law for any service, shall take or receive any other or greater fee or reward for such service but such as is or shall be allowed by the laws of this State."

"SEC. 9037. A violation of either of the two last sections shall be deemed a misdemeanor; and the person guilty thereof shall be liable to the party aggrieved for treble the damages sustained by him."

"SEC. 9044. Every officer, upon receiving any fees for any official duty or service, shall, if required by the person paying the same, make out in writing and deliver to such person a particular account of such fees, specifying for what they respectively accrued, and shall receipt the same; and if he refuse or neglect to do so, he shall be liable to the party paying the same for three times the amount so paid."

1. The liability of the surety on an appeal-bond cannot be enlarged either in amount or subject-matter of the litigation. *Evers v. Sager*, 28 Mich. 47; *Fowler v. Hyland*, 48 Id. 179, 181; *Post v. Shafer*, 63 Id. 85. The judgment is valid in its entirety as to the principal defendant, but void as to the surety in the excess over the penal sum of the bond. The judgment will be so modified in this Court.

2. Defendant Megges contends that the issue made by the pleadings in the justice's court was the exaction of illegal fees upon the transfer of the suit of *Kevwalski v. Vreeland*, from Loeckner, the justice before whom the

suit was commenced, to another justice, and that the amendment counting upon section 9044 introduced a new cause of action. The declaration in the justice's court is evidently based upon section 9044. Its language is only consistent with that section. The bill of particulars is consistent with either section. The plea and notice are consistent with either. The original declaration being broad enough to cover the amendment, no new issue was introduced, and the amendment was properly allowed.

On account of the modification of the judgment, no costs will be allowed to plaintiff. Except as modified, the judgment is affirmed.

The other Justices concurred.