## THAYER v. GIBBS.

1. JUSTICES OF THE PEACE — JURISDICTION — DECLARATION — AMOUNT SUED FOR—WAIVER OF OBJECTION.

Where a declaration in a suit before a justice of the peace claimed $300 in a special count for breach of contract, and claimed $300 on the common counts in assumpsit, and defendant, after trying the matter on the merits in justice's court, took a general appeal to the circuit, and there participated in the selection of a jury, and permitted a witness to be called and asked questions, before objecting that the amount sued for exceeded the jurisdiction of the justice, the objection was waived.

2. EVIDENCE—CONTRACT—WRITINGS—VARYING BY PAROL.

In an action on a written contract whereby defendant leased his farm on shares to plaintiff, parol evidence as to another

agreement between the parties, to the effect that a dwelling house and certain fields were not to be included in the farm lease and contract, was incompetent.

Error to Shiawassee; Smith, J. Submitted February 8, 1905. (Docket No. 105.) Decided May 12, 1905.

Assumpsit by Webster Thayer and Miles Bentley against George W. Gibbs for breach of a certain lease. There was judgment for plaintiffs, and defendant brings error. Affirmed.

*Martin V. B. Wixom*, for appellant.

*Watson & Chapman*, for appellees.

BLAIR, J. Plaintiffs brought suit in justice's court against defendant for damages alleged to have resulted from the breach by defendant of the following contract:

" Contract made and entered into this 26th day of March, 1902, in Bennington, Shiawassee county, Michigan, G. W. Gibbs, of the first part, and Webster Thayer and Miles Bentley, of the second part, to wit: That G. W. Gibbs, of the first part, agrees to let his farm lying in the township of Bennington, on section 25, to the parties of the second part on shares; that the party of the first part is to have one-half of all the proceeds of said farm that is raised thereon and the parties of the second part agree to do all the work on said farm and sow or plant such fields as said party of the first part shall direct, also that the party of the first part is to furnish one-half of all seed sown on said farm and to pay one-half of the threshing machine bill, also that the parties of the second part further agree to work the road taxes on said farm and also agree to draw out all manure that is on said farm and spread the same wherever needed, also that the party of the first part is to pasture some 30 sheep and one cow on said farm.

" Party of the first part,
" G. W. GIBBS.
" Parties of the second part,
"WEBSTER THAYER.
" MILES BENTLEY."

The declaration filed in the case in the justice's court contained a special count on the contract, concluding, "Wherefore the said plaintiffs say they are injured and have sustained damages amounting in all to the sum of $300." To this special count the common counts were added, concluding, "To the plaintiffs' damage of $300, and therefore they bring suit." The defendant pleaded the general issue, with notice of a former adjudication. The case was tried by a jury, who rendered a verdict in favor of plaintiffs, but in what amount does not appear from the record, and the judgment was entered upon said verdict in favor of plaintiffs and against the defendant. From this judgment the defendant appealed to the circuit court, where the cause came on for trial before the court and the jury. After the jury had been impaneled, the plaintiffs' counsel called one of the plaintiffs to the stand, and, after asking him two questions, the attorney for the defendant made the following objections:

"Before we go any further, I would like to interpose an objection to giving any testimony in the case, for the reason the court has no jurisdiction over the subject-matter in this suit, for the reason: First, there is a misjoinder of counts in the declaration. There is a count in trespass on the case and in assumpsit. The declaration also contains the common counts. The special counts claim damages $300, and the common counts claim damages $300, making a total claim of $600. There is a misjoinder of counts that gave the justice of the peace no jurisdiction to hear the case. I object to it, as it gives this court no jurisdiction to hear it. I object to it in this court. * * *

"*Mr. Wixom:* I further object to the introduction of any testimony in this case for the reason the declaration claims damages in excess of the amount recoverable before a justice of the peace, namely, $600.

"*The Court:* I think that should have been demurred to on the other trial. I won't bother about it here. If there was anything in it, it should have been a subject of demurrer in justice's court. I will give you an exception. Proceed."

These objections, which were overruled by the court,

raised the principal questions upon which defendant's counsel relies for reversal of the judgment. We think the first objection was wholly without force or merit. The pleadings in justice's court are liberally construed, and, in our opinion, the special count upon the contract was sufficient in form and substance, and was not liable to the objection made against it that it was a combination of counts in different forms of action. It was very clearly a count for breach of the conditions and covenants of the agreement, which was set forth in terms in the count; and the language referred to by defendant's counsel as justifying his contention that the declaration contained counts in trespass, trover, etc., is the language used in setting out the breaches of the contract.

The second objection presents greater difficulty. The statute conferring jurisdiction on justices of the peace in civil cases provides that they shall have concurrent jurisdiction "in all civil actions upon contract, express or implied, wherein the debt or damages do not exceed three hundred dollars." 1 Comp. Laws, § 103. In *Swift* v. *Woods*, 5 Blackf. (Ind.) 97, Woods sued Swift in an action of assumpsit before a justice of the peace. The writ was for an amount not exceeding $100. The declaration contained three counts, there being a separate claim of $50 in each count for the defendant's breaches of contract, etc. The court say:

"The objection to the suit founded on the amount demanded in the declaration should have been sustained. Each count in a declaration is always considered to be for a separate cause of action. Were the counts not so considered, more than one would be inadmissible. The plaintiff in this action claims by the three counts $150, which sum is beyond the jurisdiction of a justice of the peace, and there is no general conclusion to the declaration limiting this claim."

In *Wells* v. *Scott*, 4 Mich. 347, which was an action of trover, originally brought before a justice of the peace, the declaration claimed the sum of $115 and interest.

There was a plea of the general issue, and judgment for the plaintiff for $115 damages and costs. From the judgment thus rendered by the justice an appeal was taken to the circuit court, and from the judgment rendered in the circuit court the case was carried to the Supreme Court on writ of error, where it was claimed by the plaintiff in error that the justice of the peace had no jurisdiction of the cause, and that the appeal to the circuit court gave that court no jurisdiction for the reason that the amount claimed in the declaration exceeded the amount over which the justice of the peace had jurisdiction. It was said by this court:

"It therefore follows that the justice before whom this cause was commenced was without jurisdiction, and unless it shall be found that the plaintiff in error, by some subsequent proceedings, may be regarded as having waived his legal rights, he must still prevail. If the cause had been removed to the circuit court by writ of certiorari, alleging the want of jurisdiction of the justice as error, the judgment must have been reversed; or, if that question had been raised at the circuit court under the appeal, it would have been the duty of the circuit court to have dismissed the proceedings, for the appeal, as such, did not give the circuit court jurisdiction. *Nichol* v. *Patterson,* 4 Ohio, 200; *Stephens* v. *Boswell,* 2 J. J. Marsh. (Ky.) 29; *Swift* v. *Woods,* 5 Blackf. (Ind.) 97. Instead of pursuing this course, however, it does not appear that the party raised the question at all, either before the justice or in the circuit court, but that he seeks to avail himself of it here for the first time, and, we think, too late to be made available. * * * But we think that a party who would take the benefit of such objection should be required to do so in some form at an earlier stage of the proceedings. The circuit court has original jurisdiction of the subject-matter of the suit, and it acquired jurisdiction of the parties by their voluntary appearance. And the party by going to trial there upon the merits without raising any objections to prior proceedings must be regarded as having waived any errors he might otherwise have taken advantage of."

This case was followed and approved in *Tower* v. *Lamb,* 6 Mich. 362, and *Evers* v. *Sager,* 28 Mich. 47. In the

case last cited it was held by this court that the statute allowing amendments to the pleadings or the filing of new pleadings in the circuit court upon an appeal from the justice's court did not warrant the introduction of a new cause of action or such a variation in the plaintiff's claim as would have ousted the justice of jurisdiction if made in the court below, as by increasing the ad damnum beyond the limit of his jurisdiction. The court say, after discussing *Wells* v. *Scott* and *Tower* v. *Lamb*, supra:

" In both cases there was a recovery beyond the jurisdiction of the justice and the proceedings before the justice were void for want of jurisdiction. The defendants in each case treated them as valid, and appealed them to a higher court, where the jurisdiction was ample, and where, consequently, it was competent to waive the defect which existed below. In this case there was no defect below, and if it is competent for a defendant on appeal to waive such a defect by a mere failure to bring it to the notice of the court, still more clearly must it be competent for him by his express assent to waive that which only becomes a defect at all by relation back to the case as it stood before appeal taken. He has consented in an appellate court to have the case put in this shape, and, as the jurisdiction of that court is unlimited, his objection that the case is no longer the same is purely technical, and should not be allowed under the circumstances."

In *Wetherill* v. *Inhabitants of Congressional Township*, 5 Blackf. (Ind.) 357, the supreme court of Indiana held, following the decision in *Swift* v. *Woods*, supra, that a declaration containing four counts, each for the sum of $62 constituted a demand exceeding the jurisdiction of the justice; but in the order reversing the judgment the case was remanded, with leave to the plaintiffs to amend the declaration.

In *Woolley* v. *Wilber*, 4 Denio (N. Y.), 570, Wilber sued Woolley before a justice by summons, claiming damages to the extent of $100. He declared in trespass for killing his dog. There were two counts, each of which concluded, "To the plaintiff's damage of $100." The de-

fendant pleaded the general issue, and the cause was adjourned. On the adjourned day the defendant suggested that the justice had no jurisdiction, as the declaration claimed more than $100 damages, and that nothing which the parties could do would give jurisdiction. The plaintiff thereupon asked leave, which the justice granted, to so amend the declaration as to limit the whole claim of damages to $100. The court say:

" The summons was right. It was personally served, and both parties appeared. But as the plaintiff made a mistake in the form of his declaration by claiming damages beyond the jurisdiction of the justice, it is insisted that the cause was completely out of court, and therefore the justice had no power to allow the amendment. I think that is going too far. It may be conceded that without an amendment there would have been a fatal objection to the judgment, although the verdict was only ten dollars; * * * but where the party has been regularly brought into court, and is present when the motion is made, I see no good reason why the pleadings may not be amended in a point touching the jurisdiction of the court as well as in relation to any other matter. And, if the justice had power, it was a very proper case for allowing the amendment to be made."

If the rule, as stated by the courts of Indiana and New York, is the correct rule, as we believe it is, then the plaintiff would have been properly permitted to amend his declaration, if he had desired to do so, and this would have been the more prudent course for him to have taken. However, we think that, under the circumstances of the case, the defendant waived his right to object to the question of jurisdiction by his action in the case. After trying the matter out upon the merits in justice's court, he appealed the case by general appeal to the circuit court for the county, which was a court having jurisdiction of the subject-matter, and also of the parties by their voluntary appearance, and where, as held by this court, it was competent for him to waive the jurisdictional question. By his participation in the selection of the jury and permitting the witness to be called upon the stand and interrogated before raising any

question, we think he must be held to have waived his right to object.  The interests of justice require that a party who desires to raise such a question as that in this case should make it at the first reasonable opportunity.

The only other questions in the case which demand consideration are those arising upon the rulings of the court in excluding testimony.  Defendant's counsel put to him the following questions:

" *Q.* Now you may state, Mr. Gibbs, whether or not at the time this contract was made and executed before you there was another transaction between you and Mr. Bentley and Thayer.
" *A.* Yes.
" *Q.* You may state, Mr. Gibbs, what that transaction was.
" *Mr. Chapman:* I object to it as immaterial.
" *The Court:* I think that is not definite enough.  It doesn't call the witness' attention so we know what you are calling for.  We will find out what it is about first.  (Defendant excepted.)
" *Q.* You may state whether or not you had a separate and another transaction with these same parties, Mr. Bentley and Mr. Thayer, in regard to some part of the land where your farm is now located.
" *Mr. Chapman:* I object to it as incompetent, immaterial, and irrelevant.
" *The Court:* I think the question as it now stands is incompetent.  I sustain the objection.  (Defendant excepted.)"

Again, plaintiff put the following question to Mr. C. W. Sager, who drafted the lease of the farm:

" *Q.* Now you may state whether or not, at the time this lease was made and executed there, that there was another transaction between these parties in regard to this land that was not embodied in this contract.
" *Mr. Chapman:* I object to it as indefinite and indirect way to attempt to vary the terms of the lease.
" *The Court:* Objection sustained.  (Defendant excepted.)"

It is apparent from the cross-examination by defendant's counsel of plaintiffs and their witnesses that the separate

agreement to which he referred was an agreement that the dwelling house and certain fields were not to be included in the farm lease.  It is so clearly apparent that this testimony was not competent that it is unnecessary to devote further attention to the subject.

We find no errors in the proceedings calling for a reversal of the judgment, and the judgment is affirmed, with costs.

MOORE, C. J., and CARPENTER, McALVAY, and GRANT, JJ., concurred.