## Findley M'Hardy and another v. James S. Wadsworth.

The test of the sufficiency of a notice of defense under the general issue, is that it apprises the plaintiff of the nature of the defense relied upon, so that he may be prepared to meet it, and to avoid surprise on the trial.

In an action on a promissory note made by two defendants notice of defense was interposed, that the note was given for the purchase price of cows sold with warranty by plaintiff to defendants; the damages for a breach of which warranty defendants claimed to recoup from the amount of this note. The proof showed the note to have been given for the consideration stated, but that the sale was made by plaintiff to *one* of the defendants. — *Held*, that the notice was sufficient, under the test given, to warrant the admission of the evidence; especially as plaintiff in his bill of particulars, evidently designed to cover the consideration for the note, had claimed to recover for cows sold by him to the defendants.

M'HARDY v. WADSWORTH.

Objection to a variance between the evidence and the pleading under which it is offered, must be held to be waived where the evidence is received and submitted to the consideration of the jury without the objection being taken.

In an action on a promissory note, given by two on a contract of purchase by one of the makers only, it is competent to recoup damages growing out of the contract of purchase, to the same extent as if the note had been given by the purchaser alone.

*Heard May 2d. Decided June 9th.*

Error to Macomb Circuit.

The action was by Wadsworth, on the common counts. The bill of particulars specified certain cows, heifers, horses and goods, sold by him to plaintiffs in error, and also a promissory note given by them to him for three hundred and ninety dollars. The defendants pleaded the general issue, with notice of recoupment, which, together with the evidence given under it, are sufficiently stated in the opinion of Judge Christiancy. The plaintiff proved no cause of action except the note. The court charged the jury that the plaintiff would· be entitled to recover the whole amount of the note, unless the jury found from the evi-. dence that the facts were substantially as stated by de-. fendants in their notice; and that to entitle the defendants. to the reduction claimed by them, the jury must find from the evidence, that the sale of the cattle for which the note was given, and the contract of warranty with re- spect thereto, were made with *both* of the defendants. The jury under this charge returned a verdict for plaintiff, for the full amount of the note.

*A. B. Maynard*, for plaintiffs in error.

*R. P. & J. B. Eldredge*, and *W. P. Wells*, for defendant in error:

The variance between the contract of warranty proved, and that set up in the notice, is fatal:— 1 *Chit. on Pl.* 295, 308; 2 *East*, 2; 12 *East*, 452; 10 *Wend.* 437; 1 *Greenl.* *Ev.* § 66.

The demand of one defendant, for breach of warranty,

is not the subject of recoupment in an action upon the joint note of both. The reason of the rule in cases of set off applies to recoupment.

CHRISTIANCY J.:

The notice of special matter of defense in this case was, in substance, that defendants would show on the trial that the note upon which the suit was brought was given for a cow and certain heifers mentioned in the plaintiff's bill of particulars, sold by the plaintiff below to the defendants, with warranty, averring the breach of the warranty, and damages thereby, and notifying the plaintiff that they would set up these damages by way of recoupment or reduction of the plaintiff's claim.

The evidence on the part of the defendants corresponds, in all respects, with their notice, except that it shows the sale and warranty made to one of the defendants only, though the note was given by both for the property sold. It is not necessary to decide whether, if the question had arisen under a declaration or special plea, the allegation would have been sufficient to warrant the evidence, without an amendment. Such are all the cases cited by the defendant in error. This notice is not properly a pleading, nor is it to be tested by the same rules applicable to a plea. No issue of fact or of law can be founded upon it. The only issue in the case is the general issue, and this is all the issue the statute authorizes. The difference between such a notice and a plea of the same matter, was recognized and fully explained by this court in *Rosenbury v. Angell*, 6 *Mich.* 513 *to* 515; and it was there expressly held that the only purpose of the notice is to apprise the plaintiff of the nature of the defense relied upon, so that he might be prepared to meet it, and to avoid surprise on the trial; and this was held to be the sole test of the sufficiency of the notice.

M'HARDY v. WADSWORTH.

Tested by this rule, it is doubtless true that the notice of a joint contract with two could not, in all cases, nor probably as a general rule, be held sufficient to warrant evidence of a contract with one alone. But the question is whether, under the peculiar circumstances of this case, the notice did not fairly apprise the plaintiff of the nature of the intended defense, and whether he could have been misled as to the sale intended, or surprised by the evidence introduced. The action was between the original parties to the note; the plaintiff, as payee, must be supposed to know what the note was given for, and the nature of the consideration in fact.— And, though he declared upon the common counts, and attached a copy of the note, he relied at the trial upon the note alone; and to this the defense set up in the notice exclusively applied. Judging from the whole case, as presented on the trial, it cannot be reasonably doubted that the plaintiff's bill of particulars was intended to cover the consideration for which the note was given, and not a separate claim, independant of the note.— This bill of particulars is for cows and heifers "sold by the plaintiff to the defendants." And though the plaintiff relied exclusively upon the note, yet his bill of particulars furnishes strong evidence, if any were needed, that he could not have been misled by a notice which stated the contract of sale between the same parties as stated in his own bill of particulars, to which the notice expressly refers. He could not have doubted that the notice referred to the same sale for which the note was given, and to the warranty on that sale. The notice plainly and expressly refers to the sale which constituted the consideration of the note, and to no other. There is therefore no reasonable ground for supposing the plaintiff could have been misled.

No amendment of the notice was needed to avoid surprise on the trial, and no amendment then made could have had that effect.

It must be remembered, also, that this notice set up only the defense of recoupment, and this was the only ground on which the notice was required; and so far as this question of recoupment was involved, it is difficult to see any difference in the legal effect of the sale, whether made to one or both the defendants. The sale constituted the only consideration for the note of both the defendants upon which the plaintiff relied.—We shall consider this point more fully under a different head.

But there is still another reason why the notice in this case should have been held sufficient. If defective, the plaintiff was not bound to object to it on that ground; and if he did not, he must be held as having waived the objection. So far as appears from the record, he made no objection, either to its introduction or to its consideration by the jury. The only objection appears in the charge of the court to the jury; and this charge does not appear to have been requested by the plaintiff. Indeed, it would seem from the language of the charge, that it was founded in a great measure, if not entirely, upon the idea that the two defendants could not set up the defense of recoupment, upon a sale made to one only. This point we will now consider.

The note upon which the plaintiff sought to recover was made by the two defendants jointly; and it is insisted that the two defendants were not entitled to recoup the damages arising on the breach of a warranty, on the sale which constituted the consideration of the note, because that sale was made to one of the defendants only.

If recoupment were allowed on the same principle of a set-off merely, this objection would be insurmountable. A set-off is in the nature of a cross action to the full extent: it does not deny the validity of any part of the plaintiff's claim or cause of action, but sets up a separate and independent claim against the plaintiff; and

the defendant is entitled to judgment upon any surplus of his claims beyond those of the plaintiff.

A defense by way of recoupment denies the validity of the plaintiff's cause of action to so large an amount as he claims. It is not an independent cross claim, like a separate and distinct debt or item of account due from the plaintiff, but is confined to matters arising out of or connected with the contract or transaction which forms the basis of the plaintiff's action. It goes only in abatement or reduction of the plaintiff's claim, and can be used as a substitute for a cross action only to the extent of the plaintiff's demand. No judgment can be obtained by the defendant for any balance in his favor. See *Ward v. Fellers*, 3 *Mich.* 282, where the distinctions between these two classes of defenses are very fully discussed.

It is not denied that the defense, by way of recoupment, would have been available to the defendant who purchased the cattle, if the note had been given by, and the suit brought against, him alone.

Now the only consideration given for the note was received by Findley McHardy. Donald McHardy, though a joint maker in form, would seem to have been, as between himself and the other defendant, but a surety; and it is difficult to discover any good reason why he should not be entitled to any defense, connected with the consideration, which would be available to the real principal in the transaction had he made the note and been sued alone. If the consideration paid to the former enures to bind the latter, can there be any good reason why a want or failure of that consideration should not enure to his benefit? We can discover no more reason why the defense, in the present case, should not enure to the benefit of both defendants, than if it had been a defense by way of payment, want or failure of consideration for the note, or fraud in the sale for which the note was given. It prevents circuity of action,

and accomplishes full justice to all the parties without the violation of any rule of law.

If, instead of setting this up in defense, a cross action had been brought, such cross action probably could not have been maintained by the two defendants jointly. But we cannot see why this . consideration should affect the question when set up in defense only in abatement of the amount of the plaintiff's recovery.

The judgment of the court below must be reversed, and a new trial awarded.

MARTIN CH. J. and MANNING J. concurred.

CAMPBELL J. :

I agree with my brethren that a defense arising out of a failure of consideration of a note signed by . a principal and surety, may be set up in an action against the two on the note, as well as if there had been no surety. And I think the doctrine of recoupment, arising directly, as here, out of matters forming the consideration, should be permitted in like manner to apply. And I am also of opinion that it would have been entirely competent for the court below, if satisfied (as it probably would have been in this case) that no injustice would follow, to permit an amendment of the notice so as to conform to the truth.

But I do not think the evidence offered was admissible to go to the jury without an amendment of the notice; neither do I think an amendment can be allowed in this court upon facts aliunde the pleadings and record.

The statute of 1839, p. 225, provided that when the general issue was pleaded, a defendant might "give notice with such plea of any matters which, if pleaded, would be a bar to such action, and may give such matter in evidence on the trial in the same manner as if the same had been pleaded." Our present statute de-

clares that "To entitle a defendant to avail himself of any matters of defense which, according to the practice as it has heretofore existed, was required to be pleaded specially, or of which a special notice was required to be given under the general issue or other general plea, said defendant *shall annex to his plea of the general issue a notice to the plaintiff, briefly stating the precise nature of such matter of defense.*"— *Comp. L.* § 4178. The only changes are that now the notice must be *annexed* to the plea (which, however, was always or generally done in practice before), whereby the notice now must go on file in the cause; and that the notice need not contain more than a brief statement of the precise nature of the matter of defense, instead of that prolixity which, under some rather technical rulings, had made a notice under the old law practically as long as a plea. But the notice, however brief, must contain a statement of the *precise nature* of the matter of defense. The statute never contemplated that a party could introduce matters which the notice does not state directly or inferentially. The difference between a joint contract and the contract of one individual, is as substantial as between a note of A. and a note of B.

Neither are we at liberty, sitting as an appellate court, to look into facts given in evidence to determine whether the plaintiff was or was not really misled by the notice, if the testimony is variant from it. The statute is clear that the precise nature of the defense must appear in the notice itself. If the matter offered in proof is not a distinct transaction, but is merely a step in a transaction which is pleaded, there is no variance, because the one includes the other. And this was the case in *Rosenbury v. Angell,* where a defendant having given notice of an attachment, my brother *Christiancy* held that proof of the preliminary affidavits, without which an attachment could not legally issue, might be introduced, because the

notice was sufficient "to apprise the plaintiff, with reasonable certainty," that they would be offered in evidence. I think that case was correctly decided. But had the notice alleged an attachment in favor of two plaintiffs, and proof been offered of a suit by a sole plaintiff — which would make a case parallel to this — I cannot perceive on what principle it would have been admissible, or could have been made so. And I cannot assent to the proposition that the admissibility of evidence under a notice can be tested by anything but the notice.

I think the ruling below was correct on this point, and that the judgment should be affirmed.

*Judgment reversed.*