## WILLOX v. TOWNSEND.

1. WAIVER—PLEADING—SUFFICIENCY OF DECLARATION WAIVED.

   Where defendant did not challenge the sufficiency of the declaration at the trial by motion, object to the admission of testimony thereunder, or otherwise raise said question before verdict, the sufficiency of the declaration was waived.

2. APPEAL AND ERROR—DEFENSE NOT PLEADED OR RAISED ON TRIAL NOT CONSIDERED ON REVIEW.

   Under Circuit Court Rule No. 23, § 2, a defense not pleaded, and not suggested at the trial, may not be considered on review.

3. FRAUDS, STATUTE OF—PROMISE TO PAY DEBT OF ANOTHER—CONSIDERATION.

   A promise by the owner of a building that he would pay the subcontractor if the latter would complete the work, which he did, except as he was prevented from doing so in one respect by the owner, *held*, supported by a sufficient consideration running to the owner to take his promise to pay the debt of another (the contractor) out of the statute of frauds.

4. NEW TRIAL—WEIGHT OF EVIDENCE.

   Although plaintiff's testimony was contradictory, the weight of the evidence, *held*, not so overwhelmingly against the verdict in his favor as to justify its reversal.

   FELLOWS and WIEST, JJ., dissenting.

Error to Wayne; Moynihan (Joseph A.), J. Submitted October 4, 1928. (Docket No. 48, Calendar No. 33,901.) Decided February 1, 1929. Rehearing denied March 29, 1929.

Assumpsit by Tom Willox against Frank H. Townsend for work and labor. Judgment for plaintiff. Defendant brings error. Affirmed.

*J. W. Bennett,* for appellant.

*Ralph E. Routier,* for appellee.

Fead, J. Plaintiff was a subcontractor, working for one Schroeder, who had a contract to construct a building for defendant. This suit is for the balance unpaid on the subcontract, and is grounded upon the claim that defendant orally promised to pay plaintiff the balance in consideration of his completing the work, and that he did so. Plaintiff had verdict of a jury and new trial was denied by the court. Defendant's contentions are:

1. That the declaration was insufficient to sustain the verdict. Not having challenged the sufficiency of the declaration at the trial by motion, nor objected to the admission of testimony thereunder, nor otherwise raised the question before verdict, defendant waived this objection. *McHardy* v. *Wadsworth,* 8 Mich. 349; *Stone* v. *Covell,* 29 Mich. 359; *Merkle* v. *Township of Bennington,* 68 Mich. 133; *Frankel* v. *Coots,* 41 Mich. 75.

2. That plaintiff is estopped from maintaining the suit because of sworn statements and waivers of lien which he delivered to the general contractor. This defense was not pleaded (Circuit Court Rule No. 23, § 2), the record does not show it was suggested at the trial and it is not here for review.

3. That the testimony failed to show consideration running to defendant to take his alleged promise to pay Schroeder's debt out of the statute of frauds. Plaintiff's testimony was that defendant promised to pay if plaintiff would complete the work; that he completed it in all respects except in one, in regard to which he was prevented from performance by defendant's daughter and by an immediately subsequent letter from defendant himself. This was sufficient consideration. *McLaughlin* v. *Austin,* 104 Mich. 489.

4. That the verdict was against the weight of the evidence. Plaintiff's testimony was contradictory. Defendant conceded that the parties had a conversation in which plaintiff's pay for his work was discussed. The essential difference between them was whether such conversation occurred before or after plaintiff's work was completed, and whether defendant said he would pay plaintiff or would help him get his pay from Schroeder. We agree with the circuit judge that the weight of the evidence was not so overwhelmingly against the verdict as to justify its reversal.

The judgment is affirmed.

NORTH, C. J., and CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred with FEAD, J.

WIEST, J. (dissenting). I think the verdict against the weight of evidence. The testimony of plaintiff, given its fair import in the light of his acts, disclosed no more than a promise by defendant to pay him if the principal contractor, by whom he was employed, did not pay him. Such was but a promise to pay the debt of another in the event of the happening of a possible event, was without consideration and void for want of a writing. Plaintiff gave the principal contractor, who employed and was to pay him, sworn statements showing payment to him, in order that such contractor could draw money from defendant, and this he did before and also after he claimed defendant promised to pay him if he would finish the job. This was a self-refutation of the claim he made at the trial. Why did he furnish the contractor with evidence to be submitted to defendant that he had been paid and thus enable the contractor to obtain money due him unless he expected to be paid therefrom by the contractor? The alleged

promise was at the most secondary and gave plaintiff no right of action.

The judgment should be reversed, and a new trial granted, with costs to defendant.

FELLOWS, J., concurred with WIEST, J.