RICE *v.* KATZ.

1. APPEAL AND ERROR—FINDING SUPPORTED BY EVIDENCE FINAL.
   Finding of trial court, which has support in evidence and is not against weight of evidence, must stand.

2. SAME—QUESTION NOT RAISED IN TRIAL COURT.
   Question not raised in trial court may not be raised for first time in Supreme Court.

3. FRAUDULENT CONVEYANCES—MORTGAGES—NOTICE TO CREDITORS—STATUTES.
   Where mortgagee required of mortgagor sworn list of creditors, and gave them statutory notice of mortgage (2 Comp. Laws 1929, §§ 9548, 9549), mortgage is valid, although name of one claiming to be creditor was omitted and he was not notified, in absence of showing that mortgagee had knowledge of omission or anything to put him on inquiry.

Error to Wayne; Brown (William B.), J., presiding. Submitted April 9, 1931. (Docket No. 29, Calendar No. 35,462.) Decided June 1, 1931.

Garnishment proceedings by Sol Rice against Hyman Katz and another, principal defendants, and Harry B. Ash, garnishee defendant. From judgment for garnishee defendant, plaintiff brings error. Affirmed.

*Arthur H. Rice* (*Collier, Goodman & Simon,* of counsel), for plaintiff.

*Irwin I. Cohn* (*Sidney J. Karbel,* of counsel), for garnishee defendant.

---

*Continued from Vol. 254.

CLARK, J. Trial of an issue in garnishment without a jury resulted in findings in favor of garnishee defendant, Ash, and judgment thereon. Plaintiff brings error.

Principal defendant Katz was a merchant in Detroit. To secure his creditors he gave a chattel mortgage covering his stock of goods to Ash as trustee. The mortgage contains usual provision that mortgagee may take possession of the goods in the event of deeming himself insecure. It sets forth an arrangement by which the trustee was to have the moneys received at the store to be applied chiefly toward paying the creditors.

There is testimony of the manner in which the business was conducted by Katz and money received and disbursed by Ash. While the arrangement was continuing, the writ of garnishment was served on Ash, who disclosed no property or money in his possession belonging to Katz.

Appellant's first contention is that, by virtue of the mortgage and the arrangements pursuant thereto, Ash had possession and control of the stock of goods. The finding of the trial judge is to the contrary. This finding has support in testimony and in documentary evidence, is not against the weight of the evidence, and therefore must stand.

It is urged that what was done was in effect an assignment for benefit of creditors. This question was not raised in the trial court and cannot be raised here for the first time.

The mortgagee required of the mortgagor the list of creditors and notified them of the mortgage agreeable to Act No. 200, Pub. Acts 1929 (2 Comp. Laws 1929, §§ 9548, 9549).

The sworn list of creditors was prepared by an attorney from information furnished by mortgagor.

Plaintiff's name was not on the list. Counsel on the' argument said this was because the mortgagor did not consider plaintiff a creditor. In any event, the mortgagee complied with the law, as far as it was within his power. He gave the statutory notices. He required of the mortgagor the sworn list fair on its face, and there is nothing to indicate any knowledge of the omission or anything to put him on inquiry about it.

It will be held, therefore, that the trial judge was right in holding the mortgage valid as against the reason urged. See 27 C. J. p. 884, and cases cited.

No other matter requires discussion.

Affirmed.

BUTZEL, C. J., and WIEST, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.