## KRAUSE v. FAULKNER.

1. Appeal and Error—Service of Process.
   Appellant who does not, on appeal, question sufficiency of service of summons upon her in summary proceedings instituted before circuit court commissioner will be treated as though lawfully summoned.

2. Same—Questions Reviewable—Questions Raised for First Time in Supreme Court.
   Supreme Court will not hear objections of defendants in summary proceedings instituted before a circuit court commissioner where they did not, on appeal to circuit court, either upon the trial or by motion to set aside orders of dismissal or by motion for a new trial, raise any of the questions now sought to be raised on appeal in Supreme Court, but which could have been raised in the court below.

3. Same—Costs—Separate and Dilatory Appeals.
   Where defendants in summary proceedings made separate appeals to circuit court and separate appeals to Supreme Court and appeals seem dilatory, costs are granted plaintiff against each defendant separately.

Appeal from Berrien; Shaffer (John C.), J., presiding. Submitted April 9, 1947. (Docket No. 41, Calendar No. 43,460.) Decided June 27, 1947.

Summary proceedings before circuit court commissioner by Alden F. Krause against Robert Faulkner and Juanita Faulkner to obtain possession of real property. Judgment for plaintiff. Defendants took separate appeals to the circuit court. Appeals dismissed on motion. Defendants take separate appeals. Affirmed.

*R. E. Barr,* for plaintiff.

*Elden W. Butzbaugh,* for defendants.

REID, J.  The two appeals in this case were taken separately to the circuit court and from circuit court to this Court by the two defendants in a summary ouster proceeding originally brought before a circuit court commissioner for Berrien county.

Complaint to recover possession against defendants Robert Faulkner and Juanita Faulkner was filed with the circuit court commissioner after service of notice to quit.  Attorney Elden W. Butzbaugh entered appearance for Robert Faulkner but no appearance was entered for Juanita Faulkner.

The deputy sheriff who made service of summons filed with the commissioner a proof of service on Robert Faulkner only; however, prior to the hearing before the commissioner he filed another return in which he certified that he had made service on both parties, part of which later return is as follows:

"Said service being made on Robert Faulkner in person and on Juanita Faulkner by leaving a copy thereof with her husband the said Robert Faulkner at the place of their common residence in said village of Coloma, and at the same time informed him of the contents and the nature thereof."

It appears from the affidavit of defendant Juanita Faulkner made in the matter of her appeal to circuit court that defendant Juanita Faulkner claims such service on her was not made at the place of residence of defendants but was made at a store building owned and operated by Robert Faulkner.

The matter was set for hearing before the commissioner, testimony was taken and judgment of restitution for plaintiff entered.  No objection was

raised by attorney Butzbaugh as attorney for defendant Robert Faulkner as to the regularity or sufficiency of any pleadings or proceedings taken up to that point, nor had defendant Juanita Faulkner appeared in person or by attorney.

Within the time limited by statute, each defendant took a separate general appeal to the circuit court, which court on April 25, 1946 set the case to be heard on May 2, 1946. Attorney Butzbaugh, as attorney for each defendant, gave the attorney for plaintiff notice of each defendant's appeal to circuit court. Counsel for defendants was notified of the time set for hearing. On the day set for hearing, plaintiff and his attorney appeared in court. The court officer, Joseph S. Betchek, testified as follows:

"I am the court officer of this court. I am acquainted with Elden W. Butzbaugh. He has appeared as attorney for the appealing parties in both these cases. He was notified at the time these cases were set for hearing today. I talked to him today regarding the hearing of these two cases. He told me he would not appear. I asked him whether a default would be taken and he said he didn't care."

Motion was made by counsel for plaintiff to dismiss the appeals and the motion was granted. Orders dismissing the two appeals were entered and filed May 3, 1946.

Defendants make the following contentions:

(a) That where appeal from a judgment of restitution by a circuit court commissioner was filed after the beginning of the term of court, it was error on the part of the circuit court on the day after the return was filed to set the cause for trial 7 days later;

(b) That the circuit court erred in hearing the cause without written notice having been given of

the placing of the cause on the calendar as required by 3 Comp. Laws 1929, § 14256 (Stat. Ann. § 27.985);

(c)  That the circuit court erred in disposing of the appeals on an oral motion to dismiss without defendants appearing in court; and

(d)  That it was error for the circuit court to dismiss the appeals under all the circumstances.

Defendant Juanita Faulkner does not on this appeal raise any question as to the sufficiency of service of summons upon her. She is therefore to be treated as though having been lawfully summoned in the proceeding before the circuit court commissioner.

Defendants took separate appeals to this Court on May 6, 1946, three days after the orders of dismissal in circuit court. It is clear, therefore, that on May 6, 1946, both defendants knew of the orders of dismissal of May 3, 1946.

Defendants did not in the circuit court raise any of the questions they now raise in this Court, either upon the trial, of which their attorney had actual knowledge, or by any motion to set aside the orders of dismissal or by motion for a new trial.

We do not on appeal to this Court hear objections which could have been raised in the court below but were not there raised. *Wells* v. *Scott,* 4 Mich. 347; *Pardee* v. *Smith,* 27 Mich. 33; *Fowler* v. *McQuigg,* 222 Mich. 178; *Willox* v. *Townsend,* 245 Mich. 632; *Rice* v. *Katz,* 255 Mich. 1. Other decisions by this Court of the same general purport are too numerous to require recital.

The appeals seem dilatory. The orders of the circuit court dismissing the appeals are affirmed, with costs to plaintiff against each defendant separately.

CARR, C. J., and BUTZEL, BUSHNELL, SHARPE, BOYLES, NORTH, and DETHMERS, JJ., concurred.