*In re* PETITION OF CARSON.

1. HIGHWAYS AND STREETS—DEFINITION OF HIGHWAY.

The term *highway* is a generic name for all kinds of public ways, including county and township roads, streets and alleys, turnpikes and plank roads, railroads and tramways, bridges and ferries, canals and navigable rivers, and every public thoroughfare.

2. SAME—DEFINITION OF HIGHWAY.

A highway is a public way open and free to anyone who has occasion to pass along it on foot or with any kind of vehicle.

3. SAME—PLATS—FOOTPATH TO BEACH—VACATION AREA.

The use of area in plat as a footpath to beach, sought to be vacated by adjoining owners, was properly considered by the trial court as constituting a contemplated use as a roadway.

4. APPEAL AND ERROR—QUESTIONS REVIEWABLE—OBJECTIONS IN TRIAL COURT.

The Supreme Court does not, on appeal, hear objections which could have been raised in the court below but were not.

5. HIGHWAYS AND STREETS—VACATION OF ROAD—OBJECTORS—SUBDIVISION LOT OWNERS.

Land owners of a subdivision had such an interest in roadway from their lots to beach as to constitute them proper parties to object to vacation of the road on petition of adjoining owners of road used thus far solely as a footpath and not opened for vehicular travel (CL 1948, § 560.62, as amended by PA 1958, No 101; § 560.68).

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2]  25 Am Jur, Highways § 2.
[3]  25 Am Jur, Highways § 46.
[5]  25 Am Jur, Highways § 121.
[6]  3 Am Jur, Appeal and Error § 896.
[7]  25 Am Jur, Highways § 124.

6. APPEAL AND ERROR—FINDING OF FACT—PREPONDERANCE OF EVIDENCE.

The Supreme Court does not reverse the finding of a trial court on an issue of fact unless the evidence clearly preponderates in the opposite direction.

7. HIGHWAYS AND STREETS—PLATS—VACATION OF ROAD—FINDING OF COURT—EVIDENCE.

Evidence presented in adjoining lot owners' proceeding to vacate a portion of platted road to lake lying between and adjacent to their respective properties, and dedicated to use of subdivision lot owners, *held*, sufficient to support finding of lower court that objections to the vacation were reasonable and that way could be opened to vehicular traffic at less than an exorbitant cost (CL 1948, § 560.62, as amended by PA 1958, No 101; § 560.68).

Appeal from Berrien; Robinson (Thomas N.), J. Submitted January 3, 1961. (Docket No. 4, Calendar No. 48,576.) Decided February 28, 1961.

Petition by Clara Carson and Carl Werelius to have vacated, taken up and canceled a portion of a plat designated as private roadway. Objections filed by subdivision property owners. Judgment for defendants. Plaintiffs appeal. Affirmed.

*Gore & Williams* (*Carroll Williams*, of counsel), for plaintiffs.

*Theron D. Childs, Jr.,* for defendants.

KELLY, J. Appellants, Clara Carson and Carl Werelius, owners of certain lots in Bethany Hills Unit No 2, Berrien county, filed a petition seeking to have vacated, taken up and canceled that portion of Beach road which lies between and adjacent to their respective properties. The lower court held that reasonable objection had been made to the vacation of said road, and denied the petition.

Only appellants' properties immediately adjoin and are adjacent to that portion of Beach road which they seek to have vacated. The map of the subdivi-

sion shows the road to be an improved, open road, but, in fact, it has never been improved except for the portion opened and maintained by appellants. Beyond that there is a sandy path which leads over a hill to Lake Michigan.

Appellant Carson at one time leveled the road and put in a retaining wall to prevent water from flowing to her property from the higher Werelius property. Appellants also testified that automobiles and trucks often enter the road on the portion improved by appellants only to reach the grade of the hill, at which point they have to turn around by driving upon appellant Carson's property; that appellants requested officers of the Syndicate of Shorewood Hills and of Shorewood Hills Country Club to open and improve, or vacate, the road but nothing was done.

Objections were filed by other lot owners in the subdivision and the successor-trustee of the subdivider. There was no denial that the road was not open to vehicular travel, but the officers of the syndicate testified that the practice was to pave the roads as they were needed and that because new homes had been constructed along the lake the road would now be necessary. The lot owners claimed they had an interest in the road and that it is used as the shortest route to the lake, post office and playground, and that, in addition, to this it provides a scenic walk.

After hearing, the lower court gave judgment of no cause of action, holding that the use as a footpath by other lot owners constituted reasonable objections to the vacation of the road.

Appellants contend the court erred in considering that the use of the area as a footpath constituted a contemplated use as a roadway.

In *Burdick* v. *Harbor Springs Lumber Co.,* 167 Mich 673, 679, we stated:

" 'The term "highway" is the generic name for all kinds of public ways, including county and township roads, streets and alleys, turnpikes and plank roads, railroads and tramways, bridges and ferries, canals and navigable rivers. In short, every public thoroughfare is a highway.' "

The supreme court of the State of Georgia in the case of *Schlesinger* v. *City of Atlanta,* 161 Ga 148, at page 159 (129 SE 861), said:

" 'A highway is a way open to all the people.' *Southern Ry. Co.* v. *Combs,* 124 Ga 1004 (53 SE 508). This court has adopted this definition of the term: 'A highway is a public way open and free to any one who has occasion to pass along it on foot or with any kind of vehicle.' *Atlanta & W. P. R. Co.* v. *Atlanta, B. & A. R. Co.,* 125 Ga 529, 545 (54 SE 736). 'A street is a highway in a city or town, used by the public for the purpose of travel, either by means of vehicles, or on foot.' *Id.*"

The trial court did not err in considering that the use of the area as a footpath constituted a contemplated use as a roadway.

Appellants claim the court erred in considering the testimony, as objectors, of lot owners in the subdivision whose property was not immediately adjoining the road sought to be vacated, contending the statute (CL 1948, § 560.62, as amended by PA 1958, No 101 [Stat Ann 1959 Cum Supp § 26.492]) limited objectors to those who owned land immediately adjoining said road. No objections were made by appellants to the objectors or their testimony at the trial and, in fact, appellants stipulated that certain witnesses would testify as to the use of the area as a footpath.

In *Krause* v. *Faulkner,* 318 Mich 422, 425, we stated:

"We do not on appeal to this Court hear objections which could have been raised in the court below but

were not there raised. *Wells* v. *Scott,* 4 Mich 347; *Pardee* v. *Smith,* 27 Mich 33; *Fowler* v. *McQuigg,* 222 Mich 178; *Willox* v. *Townsend,* 245 Mich 632; *Rice* v. *Katz,* 255 Mich 1. Other decisions by this Court of the same general purport are too numerous to require recital."

While CL 1948, § 560.62, as amended by PA 1958, No 101 (Stat Ann 1959 Cum Supp § 26.492), does provide:

"The hearing of a petition may be continued from term to term    *    *    *    and on the hearing thereof any person owning any land immediately adjoining that part which it is proposed to alter or vacate, correct or revise, may appear in opposition to the petition;"

CL 1948, § 560.68 (Stat Ann § 26.498), provides:

"When application is made to alter or vacate any plat, as aforesaid, any person interested may appear in person or by attorney and oppose the same by having his appearance entered upon the records of the court for that purpose."

In *Story & Clark Piano Co.* v. *Ottawa Circuit Judge,* 212 Mich 1, 4, we said:

"Under the provisions of the act (CL 1915, § 3359\*) the right to appear and be heard is given to any person or persons 'interested.' We do not think this is so limited by the provisions of section 3355\* giving the right to be heard to owners of lands immediately adjoining that part of the street proposed to be vacated as to preclude the municipality from appearing and being heard."

The land owners in the subdivision had an interest as provided for in CL 1948, § 560.68 (Stat Ann § 26.498), and were proper parties to object to the

---

\* CL 1915, §§ 3355, 3359 have been repealed and their provisions, in almost identical wording, are incorporated in the sections discussed herein.—REPORTER.

vacation of the road. The court did not err in admitting their testimony.

Appellants further claim the court erred in determining that the roadway could be opened to vehicular traffic at less than an exorbitant cost and that objections to the vacation were reasonable. We do not reverse a finding of a trial court unless the evidence clearly preponderates in the opposite direction. *Insealator, Inc.,* v. *Wallace,* 357 Mich 233. Sufficient evidence is presented to support the finding of the lower court.

Affirmed. Costs to appellees.

DETHMERS, C. J., and CARR, SMITH, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.