JOHNSON v. CITY OF SAGINAW.

1. WORDS AND PHRASES—HIGHWAYS—STREETS.

The term *highway* includes within its meaning a street.

2. HIGHWAYS AND STREETS—PARALLEL PARKING.

Parking a car on a city street must be parallel to the roadway and within 12 inches of any existing right-hand curb except as angle parking is permitted by ordinance and that is not permitted on State trunkline highways (CLS 1956, §§ 257.20, 257.605; § 257.675, as amended by PA 1959, No 234).

3. INJUNCTION—PARALLEL PARKING ON CITY STREET—STATUTES—JUSTICIABLE QUESTION.

No justiciable question was presented to trial court by bill to enjoin city from enforcing a so-called rule and regulation made by city manager and approved by the city council abolishing angle parking on a city street, since State statute requires parallel parking except as city permits angle parking on other than State trunkline highways, where a State trunkline highway was not involved and city has not authorized angle parking on the street involved and validity of statute is not in issue. (CLS 1956, §§ 257.20, 257.605; § 257.675, as amended by PA 1959, No 234).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 25 Am Jur, Highways §§ 2, 5.
[2] 5A Am Jur, Automobiles and Highway Traffic § 52.
[3] 28 Am Jur, Injunctions § 244 *et seq.*

Appeal from Saginaw; O'Neill (James E.), J. Submitted June 14, 1962. (Docket No. 61, Calendar No. 48,526.) Decided December 4, 1962.

Bill by Leroy A. Johnson and others against the City of Saginaw, a municipal corporation, to enjoin enforcement of regulation prohibiting angle parking in front of their business establishments. Decree for plaintiffs. Defendant appeals. Reversed and bill dismissed.

*Martin & Martin,* for plaintiffs.

*W. Vincent Nash,* City Attorney (*William A. Boos, Jr.,* of counsel), for defendant.

DETHMERS, J. Plaintiffs are property owners or tenants operating businesses on the north side of Court street in the 1800 block in defendant city. They sought to enjoin enforcement of a so-called rule and regulation made by the city manager and approved by the city council. Its pertinent provision reads as follows:

"Sec. 12. *Abolishment of angle parking—Court street.* All angle parking on Court street is hereby abolished. Parking in the existing angle parking areas henceforth shall be parallel in back of the curb only."

Plaintiffs complained that enforcement thereof on Court street in front of their business properties would be discriminatory and unconstitutional because of defendant's alleged failure to require parallel parking "in front of competitive business areas" elsewhere in the city, in most of which, as plaintiffs say the proofs show, "the problems of vehicle encroachment, congestion, traffic volume and movements are greater than in the Court street area."

The trial court entered a decree which enjoined defendant from installing and maintaining any traffic control devices and from enforcing the quoted city regulation on the north side of Court street in the 1800 block and declared it to be unreasonable and unconstitutional. Defendant appeals.

Section 675 of the Michigan motor vehicle code (CLS 1956, § 257.675, as amended by PA 1959, No 234 [Stat Ann 1960 Rev § 9.2375]) provides in part as follows:

"(a) Except as otherwise provided in this section every vehicle stopped or parked upon a highway shall be so stopped or parked with the wheels of such vehicle parallel to the roadway and within 12 inches of any existing right-hand curb, except as otherwise provided in this chapter. * * *

"(c) Local authorities may by ordinance permit angle parking on any roadway, except that angle parking shall not be permitted on any State Trunkline highway."

Section 605 of that code (CLS 1956, § 257.605 [Stat Ann 1960 Rev § 9.2305]) provides:

"The provisions of this chapter shall be applicable and uniform throughout this State and in all political subdivisions and municipalities therein and no local authority shall enact or enforce any ordinance, rule or regulation in conflict with the provisions of this chapter."

Section 20 of that code (CLS 1956, § 257.20 [Stat Ann 1960 Rev § 9.1820]) reads:

" 'Highway or street' means the entire width between the boundary lines of every way publicly maintained when any part thereof is open to the use of the public for purposes of vehicular travel."

See, also, CLS 1956, § 257.64 (Stat Ann 1960 Rev § 9.1864).

The term "highway" includes within its meaning a street. *Burdick* v. *Harbor Springs Lumber Co.,* 167 Mich 673, 679; *In re Petition of Carson,* 362 Mich 409, and cases cited therein.

A State trunkline highway is not involved here. There is no testimony that defendant city ever permitted angle parking on any street in the city by ordinance or any other official action of the city council. That leaves the above statutory requirement of parallel parking in effect. It also leaves idle any consideration of the validity of the said city rule or regulation purporting to require precisely what already was and is required by the statute. Validity of the statute is not in issue. No justiciable question was presented to the court below.

Reversed. Plaintiffs' bill of complaint dismissed. Costs to defendant.

Carr, C. J., and Kelly, Kavanagh, Souris, Otis M. Smith, and Adams, JJ., concurred with Dethmers, J.

Black, J., concurred in result.