*In re* OAK STREET, PLEASANT VIEW SUBDIVISION.

VANBURGER *v.* WIDDIS.

1. HIGHWAYS AND STREETS—VACATION—OBJECTION—PUBLIC HEALTH, SAFETY, AND WELFARE.

   Vacation of street, upon petition, shall not be ordered, when reasonable objections are interposed, unless vacation, upon proof, appears to be necessary for public health, safety, and welfare (CLS 1961, § 560.62).

2. APPEAL AND ERROR—NONJURY CASE—FINDINGS OF FACT—PREPONDERANCE OF EVIDENCE.

   Court of Appeals is bound by trial judge's findings of fact in a nonjury case unless the contrary appears by a clear preponderance of evidence.

3. HIGHWAYS AND STREETS—VACATION—PUBLIC HEALTH, WELFARE, COMFORT, OR SAFETY—EVIDENCE.

   Finding of trial court that vacation of portion of street was necessary to public health, welfare, comfort, or safety *held*, unsupported by record presented.

4. APPEAL AND ERROR—GRATUITOUS DETERMINATION—ABANDONMENT OF STREET.

   Abandonment of portion of street, as determined by trial court gratuitously, since plaintiff had not sought it and no evidence was adduced to support it, is not binding on Court of Appeals.

5. SAME—TRIAL COURT'S GRATUITOUS DETERMINATION.

   Gratuitous determination by trial court of an issue of fact not raised by pleading and as to which no evidence has been adduced, is not binding on Court of Appeals.

---

REFERENCES FOR POINTS IN HEADNOTES

[1]　25 Am Jur, Highways §§ 118, 119.
[2]　5 Am Jur 2d, Appeal and Error § 839.
[3]　25 Am Jur, Highways §§ 120, 124.
[4, 5]　5 Am Jur 2d, Appeal and Error § 545.

Appeal from Roscommon; O'Keefe (Dennis J.), J. Submitted Division 3 December 7, 1965, at Grand Rapids. (Docket No. 651.) Decided April 12, 1966.

Petition by Albert and Dora VanBurger to alter plat of Pleasant View Subdivision and to vacate a part of Oak street in that subdivision. Objection to vacation by Donald and Maxine Widdis. Judgment for petitioners. Objectors appeal. Reversed and petition denied.

*Robert O. Boyle,* for petitioners.

*Hughes & Trucks* (*Howard B. Hughes,* of counsel), for objectors.

T. G. KAVANAGH, J. This case involves a petition and hearing to vacate that part of Oak street in Pleasant View Subdivision, Roscommon county, lying south of highway M-55.

Oak street is 25 feet in width and extends from the water's edge of Houghton lake in a southerly direction to M-55 and after crossing M-55 proceeds southerly a distance of 125 feet. The plat of Pleasant View Subdivision was approved and filed September 25, 1922, and the streets on the plat were dedicated to the public and were taken into the county road system by resolution dated August 20, 1950, when the board of county road commissioners for Roscommon county formally accepted Oak street.

In 1938 Albert and Dora VanBurger purchased lots 71, 72, and 73 of Pleasant View Subdivision and constructed a resort consisting of several cottages and a residence. Some of the cottages and porches encroach upon the portion of Oak street

here involved. In 1956 the VanBurgers sold the resort to Donald and Phyllis Luchenbill on land contract.

Oak street has been used over the years to gain access to the land south of Pleasant View Subdivision but was not improved except as the VanBurgers and Luchenbills put gravel on it for the purpose of providing access to their back cottages. That part of Oak street north of M-55 has been in general use for access to Houghton lake apparently since its dedication.

In 1962 Donald and Maxine Widdis, who are the appellants and objectors herein, purchased a parcel of land adjoining Pleasant View Subdivision to the south and east. In 1963 they filed and obtained tentative approval of a plat of their property known as Sunny Brook Estates. Oak street in the proposed Sunny Brook Estates connects with Oak street in Pleasant View Subdivision, and has been used by lot owners and others as a means of ingress and egress.

On June 5, 1965, the VanBurgers filed this petition to vacate that part of Oak street lying south of M-55 in Pleasant View Subdivision. Testimony on the petition was taken on July 20 and July 29, 1964, and the court granted the petition February 9, 1965.

The pertinent provision of the statute (CLS 1961, § 560.62 [Stat Ann 1963 Cum Supp § 26.492]), under which this petition was filed reads as follows:

"Any person owning any land immediately adjoining that part which it is proposed to alter or vacate, correct or revise, may appear in opposition to the petition; and if upon the hearing the applicant shall produce to the court satisfactory evidence that the notice required by the preceding section of

this act[1] has been given, the court shall proceed to alter or vacate, correct or revise, the plat or part thereof, unless there is reasonable objection to making the alteration or vacation, correction or revision, in which case the court shall not proceed to alter or vacate, correct or revise the plat or part thereof unless it is deemed necessary for the health, welfare, comfort or safety of the public."

Under the provisions of the above statute, such petition for vacating of a street, when reasonable objections are interposed, shall not be granted unless it appears by the proofs that it is necessary for the health, safety, and welfare of the public. From the record it appears to this Court that the objections to the granting of the petition were reasonable. *In re Petition of Carson* (1961), 362 Mich 409.

Our sole inquiry then will be to determine whether there was any evidence upon which the court could base a finding of necessity for public health, welfare, comfort, or safety. If we find such, this being a nonjury law case, we are bound thereby unless it appears contrary to the clear preponderance of the evidence. *In re Petition of Carson, supra; Shaw v. Wiegartz* (1965), 1 Mich App 271.

From the exhibits—photographs of the area— nothing appears which would establish or support an inference of a condition necessitating vacating the road. If present at all, such necessity must be shown by the testimony of the witnesses.

There were only three witnesses whose testimony could fairly be said to bear on the question of welfare, comfort, or safety of the public and none on the question of health.

Of these three witnesses, a resident of the Pleasant View Subdivision, Mr. Smith, testified it was

[1] CLS 1961, § 560.61, as amended by PA 1962, No 154 (Stat Ann 1965 Cum Supp § 26.491).

quite a job to get on M-55 during the season—"It is a hazard. * * * It is a normal hazard comparable to any area along M-55." Mr. Whitechurch, the chairman of the road commission testified that the road commission had no objection to the vacating of Oak street because public safety is better served by fewer entrances to the State highway bordering the plat of Pleasant View Subdivision. He said, "This is the opinion of the board where there is a heavily traveled highway like 55 we try to have as few entrances on it as possible." But he, "couldn't say" whether the entrance of the road involved was a desirable situation from a safety standpoint. Neither of these witnesses' testimony in our opinion would support a reasonable inference that it was necessary to vacate the road in the interests of public welfare, comfort, or safety.

This leaves us then only with the testimony of Mrs. Luchenbill, the land-contract purchaser of the lots bordering the road in question. She testified that there were encroachments of concrete steps and parts of cottages on the road; that, since the opening of Oak street in Sunny Brook Estates, the traffic was disgustingly heavy; that some of it was so fast that when one driver was told to stop he slammed on his brakes and threw stones up and hit the chairs; that the drivers didn't care whether one were sitting there or not they slam on their brakes and, when they do, cause the dirt to fly; that after some nights of travel over this road by the general public, her property was littered with vodka and beer bottles and other debris; that people park on Oak street late at night with their car lights out, and that her guests often bring children ranging from 3 years to 11 years who play all over the resort. Nowhere is there any evidence that the proper use of this street is a danger to the public. Thus from a care-

ful examination of the record we find no evidence to support a conclusion that it was necessary for the public health, welfare, comfort, or safety to vacate Oak street.

The trial court's opinion stated that under *Leelanau County Board of Road Commissioners* v. *Bunek* (1956), 344 Mich 605; *Bain* v. *Fry* (1958), 352 Mich 299; and *Snow* v. *Murphy* (1929), 248 Mich 659, since, "the testimony fails to show any such use of said portion of Oak street, or that any public funds were spent for the maintenance of said portion of Oak street sought to be vacated,  *  *  * and [it] must be considered as abandoned."

These cases being authority for the user required to establish acceptance of a highway are not in point in determining whether an established highway was abandoned. See *Rice* v. *Clare County Road Commission* (1956), 346 Mich 658.

The plaintiff did not claim below that the road was abandoned nor does he do so here, and since no evidence was adduced to establish it, we are not bound by the trial court's gratuitous determination of abandonment.

The judgment is set aside and an order may enter denying the petition. Appellant may have his costs.

FITZGERALD, P. J., and HOLBROOK, J., concurred.